ERNEST V. JOHNSON *et al.*

*v.*

THE SANITARY DISTRICT OF CHICAGO *et al.*

*Filed at Ottawa November 9, 1896.*

1. COURTS—*cannot control discretion of municipal body.* The courts cannot determine and control a discretion to determine a question vested by statute in a municipal body.

2. INJUNCTION—*mandatory—will not control discretion of municipal board as to contract for public work.* The discretion vested by the statute in a municipal board to let a contract for public work to the lowest *responsible* bidder, and to reject any and all bids, as reserved in its advertisement, is judicial in its nature, and will not be controlled by the courts through mandatory injunction.

3. SAME—*duty of determining responsibility of bidders, etc., is judicial.* The duty of examining proposals, determining the responsibility of bidders, and awarding a contract, under a statute authorizing the rejection of any and all bids, is judicial in its nature, and not within the province of the court to control by *mandamus* or mandatory injunction.

4. SAME—*in the absence of fraud courts will not enjoin.* The courts cannot, in the absence of fraud, restrain a municipal board from entering into such a contract for public work as it may award to the bidder.*

*Johnson v. Sanitary District,* 58 Ill. App. 306, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

The Sanitary District of Chicago, a municipal corporation engaged in building a canal between the waters of Lake Michigan and the Illinois river, is, by the provisions of the act under which it is organized, authorized to let contracts for the construction of that canal.    Section 1 of the main channel had been contracted for construction by the board with one Alfred Harley, who failed to comply with the provisions of his contract, because of

---

*As to mandatory injunctions, the authorities are collected in a note to *Moundsville* v. *Ohio River Railroad Co.* (W. Va.) 20 L. R. A. 161.

which it was declared forfeited. Section 1 was one mile in length. The board of trustees, in pursuance of the act under which it was organized, advertised for bids for again letting the contract for that section.

Section 11 of the Sanitary District act (Laws of 1889, p. 125,) provides as follows: "All contracts for work to be done by such municipality, the expense of which will exceed $500, shall be let to the lowest responsible bidder therefor, upon not less than sixty days' public notice of the terms and conditions upon which the contract is to be let having been given by publication in a newspaper of general circulation published in said district, and the said board shall have the power and authority to reject any and all bids and re-advertise."

The advertisement for bids was in the form generally used by corporations, both municipal and private, and contained these express provisions: "No proposal will be considered unless the party making it shall furnish evidence satisfactory to the board of trustees of his ability to do the work, and that he has the necessary pecuniary resources to fulfill the conditions of the contract provided such contract shall be awarded him. Bidders are required to state in their proposals their individual names and places of residence in full." Under this advertisement many bids were made, but for this discussion we need take into consideration but two,—that of appellants, which was in the aggregate $1,141,107.94, and that of Griffiths & McDermott, in the aggregate $1,286,219. These were the two lowest bids considered by the board of trustees, and were received April 18, 1894. The board, after patient investigation as to the financial responsibility and ability of the bidders to do the work, as well as their conception of the work to be done, on May 23, 1894, rejected the bid of appellants and let the contract to Griffiths & McDermott, and three days afterwards appellants, as tax-payers, residents and legal voters of the district, filed this bill to restrain the sanitary district

from rejecting their bid and from executing the contract with Griffiths & McDermott, and against the bidder from performing any work on section 1.   The prayer of the bill was for a mandatory injunction to compel the awarding of the contract to appellants.   On hearing, a permanent injunction was refused and the bill dismissed, which decree was affirmed on appeal to the Appellate Court.

BURNHAM & BALDWIN, for appellants.

GEORGE E. DAWSON, WALKER, JUDD & HAWLEY, and CHARLES C. PICKETT, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

By the proposal for bids as advertised, the board required evidence to be furnished of ability to do the work and of necessary pecuniary resources to fulfill the conditions of the contract.   It necessarily reserved to itself the determination of the sufficiency of that evidence.   The act under which authority to advertise for bids existed, expressly provided the board should have power to let to the lowest responsible bidder, and to reject any and all bids and re-advertise.   The board having reserved to itself the right to pass upon the evidence of the pecuniary resources and ability to do the work, and being, under the act, vested with the power to determine the lowest responsible bidder, it is by the act made the judge to determine the qualifications of the bidders.   When the statute vests a discretion in a municipal body to determine a question, it is not the province of the courts to determine and control that discretion.   The mandatory injunction applied for to compel the letting of the contract to appellants is in the nature of a *mandamus*, and is an attempt to control a discretion that is judicial in its nature.   The duty of examining the proposals, determining the responsibility and awarding the contract is judicial in its nature and character, and the awarding the

contract is a judicial act, which is not within the province of the courts to control by *mandamus* or mandatory injunction. (*East River Gas Light Co.* v. *Donnelly*, 93 N. Y. 55; *People ex rel.* v. *Gleason*, 121 id. 631; *Erving* v. *Mayor*, 131 id. 133; *State ex rel.* v. *McGrath*, 91 Mo. 386; *State ex rel.* v. *Shelby Co.* 36 Ohio, 326; *Douglas* v. *Commonwealth ex rel.* 108 Pa. St. 559; *Hoole* v. *Kinkead*, 16 Nev. 217.) Nor can the courts, in the absence of fraud, restrain the trustees from entering into such contract as they may award to the bidder. *Kelly* v. *City of Chicago*, 62 Ill. 279.

On no principle can this bill be sustained. The decree dismissing the bill was not error, and the judgment of the Appellate Court is affirmed.      *Judgment affirmed.*