William Leonard, et al., Appellants, v. Joseph Garland, et al., Appellees.

Gen. No. 5273.

1. INJUNCTIONS—*what not involved in appeal from order dismissing bill.* An appeal from an order dismissing a bill for an injunction does not bring up for review the propriety of the previous action of the court in denying an application for a preliminary injunction upon such bill.

2. INJUNCTIONS—*when bill properly dismissed upon denial of motion for temporary injunction.* If the bill is for an injunction only, the court may properly dismiss it upon denying the injunction sought.

Bill in equity. Appeal from the Circuit Court of La Salle county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 18, 1910.

BUTTERS & ARMSTRONG, for appellants.

JOHN GARLAND, D. L. DUNAVAN, B. F. LINCOLN and CHARLES S. CULLEN, for appellees.

Mr. Justice Dibell delivered the opinion of the court.

William Leonard and others, the appellants, owners of land in Union Drainage District No. 1 of the towns of Freedom and Ophir in LaSalle county, Illinois, filed a bill in equity against the Drainage Commissioners of said District and the Northwestern Clay Manufacturing Company, hereinafter called the company, for an injunction. The bill alleged that the improvement for which the District was organized was a tile ditch about two miles long. The specifications required the best quality of hard burned vitrified tile. The bid of the company provided for vitrified drain tile. The contract called for vitrified glazed drain tile of the best quality. The bill alleged that about one mile of the work was done and that the tile furnished was of a poor and inferior quality and was not vitrified tile and was not hard burned, but was uneven, cracked, broken and crooked and of insufficient strength, and would crumble and disintegrate, and that they were culls and were worthless on the market, and that there was a conspiracy between the Drainage Commissioners and the company to put upon the District, at a cost of over $4,000, tile of but little if any value. The bill asked an injunction compelling the Drainage Commissioners to remove from the ditch all tile not in accordance with the specifications and agreement, and from placing in the ditch tile not of the kind and quality specified, and that they be ordered to so complete the work as to be in accordance with the specifications and contract, and that they be enjoined from using in the improvement any of the tile now being used that is not in accordance with the specifications and the contract, and that the commissioners be enjoined from paying the company any money whatever upon the contract for the furnishing of said tile. The bill was filed on October 20, 1908. On November 5, 1908, appellants entered a motion for a temporary injunction, and the same was set to be heard on November 14. On the latter date the Drainage Commissioners and the company filed answers in which it was averred that the tile used was hard, vitrified, drain tile, in accordance with the specifications of the con-

tract. The conspiracy was denied. The record recites that affidavits were also filed, and the motion for an injunction was heard and denied. No further action was taken at that term of court, and no action was taken at the January term, 1909, nor at the March term, 1909, nor at the June term, 1909, which convened on the second Monday of June, till July 7, 1909, at said June term, when on motion of the appellees, the court dismissed the bill at the complainants' costs. This is an appeal by complainants below from the decree dismissing the bill. This appeal does not bring up for review the order denying the motion for an injunction, and, if it did, the proofs upon which that motion was heard and decided are not preserved in the record. We must therefore assume that the order denying the injunction was required by the case presented upon the hearing of that motion. The bill was for an injunction only, and the court might properly have then dismissed the bill. Titus v. Mabee, 25 Ill. 232; Goddard v. C. & N. W. Ry. Co., 202 Ill. 362. That which the court could properly have done on November 14, 1908, it did not lose the power to do by its delay in entering the dismissal. As the bill was for an injunction only and the court properly denied the motion for an injunction, the decree dismissing the bill must be sustained.

The decree is therefore affirmed.

*Affirmed.*