## William Leonard et al., Plaintiffs in Error, v. Joseph Garland et al., Defendants in Error.

## Gen. No. 5,877.

1. DRAINAGE, § 47*—*when bill will not lie to restrain acts of commissioners.* In an action to restrain a board of commissioners for a drainage district from making payment on a contract for drainage tile, and to restrain them from using in the improvements any tile not in accordance with the contract, *held* the bill was properly dismissed, as the court was without jurisdiction to review the exercise of the board's discretion in passing upon the work accepted and in settling for the same in the absence of any showing of fraud, the evidence tending to indicate that the question was one on which intelligent men, charged as were the commissioners, with the duty of passing upon the work, might honestly differ.

2. MUNICIPAL CORPORATIONS, § 250*—*discretionary power of board of public works.* Board of public works having charge and superintendence of public improvements, given by law a discretion in letting contracts and in passing upon the character of the work and in settling for the same, are not within the control of a court in the exercise of such discretion so that a court will not hear proofs and attempt to determine whether the discretion is wisely exercised or not in a given case.

3. DRAINAGE, § 43*—*powers of commissioners.* The law giving a board of commissioners for a drainage district power to contract for and pass upon the character of the work and to settle for the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

same necessarily requires that it exercise judgment and discretion in determining whether the work is done according to contract, as well as in letting the contract; and in supervising and settling for work, the commissioners do not act merely as ministerial officers.

4. DRAINAGE, § 47*—*power of commissioners to settle for improvement.* In the absence of proof of fraud it is immaterial whether a board of commissioners of a drainage district shows intelligent care and attention in passing upon and settling for drainage improvements, although there may be cases where the intelligence is so great that fraud will be presumed, or where the work accepted is so different from that contracted for as to make an improvement of an entirely different character and description, such as to require relief in equity.

Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

BUTTERS & ARMSTRONG, for plaintiffs in error.

C. S. CULLEN, D. L. DONOVAN and JOHN GARLAND, for defendants in error; B. F. LINCOLN, of counsel.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

Plaintiffs in error, William Leonard and others, hereinafter called complainants, are owners of land in a drainage district organized under our Farm Drainage Act. Defendants in error, hereinafter called defendants, are the commissioners of that district, and a company that furnished and laid tile in the drainage ditch under a contract with the commissioners. This suit began by a bill for injunction filed by the complainants in which it was averred that the commissioners had fraudulently conspired with the company to pay it more than four thousand dollars of the public funds for worthless tile that the company was installing in the ditch in violation of the contract under which the work was done, and praying that the commissioners be restrained from making payments on the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

contract, and that the defendants be restrained from using in the improvement any tile not in accordance with the contract. The defendants answered the bill and the chancellor on a hearing on the pleadings and affidavits denied a temporary injunction and dismissed the bill. The complainants prosecuted an appeal to this court where the decree was affirmed, and then a writ of error to the Supreme Court where the judgment of this court and the decree of the Circuit Court were reversed and the cause remanded to the Circuit Court. The case is reported under the title of *Leonard v. Garland,* in 157 Ill. App. 355, and reversed in 252 Ill. 300, and the opinions may be read for a more complete statement of the matters involved.

The case was reinstated in the Circuit Court and tried on the pleadings and evidence of witnesses heard in open court, resulting in a decree dismissing the bill for want of equity, and the case is brought here by writ of error.

Much oral testimony was heard by the chancellor, in large part directed to the question whether the tile furnished was in accordance with the specifications of the contract. There was no proof of any corrupt agreement between the commissioners and the company, or that the commissioners had made or attempted to make any personal profit in the transaction, but there was a sharp conflict of evidence on the question whether the tile was of the kind and character specified; and had it been the duty of the court to weigh that evidence and control the judgment and discretion of the commissioners on that question, we would deem it necessary to fully discuss the proofs and the weight which, in our judgment, should be given to the various items of evidence. But under our view of the law it is sufficient to say that there was much apparently credible evidence supporting each contention, and therefore we presume the question was one

on which intelligent men charged, as were these commissioners, with the duty of passing upon the work, might honestly differ.

There is no contention that the commissioners were not authorized to contract and settle with the company for the tile, and we think it clear that the law giving them that power and imposing upon them that duty necessarily required them to exercise judgment and discretion in determining whether the work was done according to the contract, as well as in letting the contract; though complainants contend here that after the contract was let the commissioners were acting as ministerial officers in supervising and settling for the work, and that a case is made by showing to the satisfaction of the court that they accepted tile inferior to that contracted for without further showing a fraudulent intent, and *Gage v. Springer,* 211 Ill. 200, is cited in support of that contention. We think that case, when read with others hereinafter noted, is authority only that public officers charged with duties similar to those under consideration here are subject to the control of courts if they attempt to substitute, as they did in that case, ''an improvement of an entirely different character and description'' from the one contracted for. The facts of this case do not bring it within that rule.

It has long been settled law in this State that boards of public works having charge and superintendence of public improvements, and given by law a discretion in letting contracts and passing upon the character of the work, will not be controlled by a court in the exercise of that discretion, and that courts will not hear proofs and attempt to determine whether the discretion is wisely exercised or not. *Kelly v. City of Chicago,* 62 Ill. 279, is an early case where the doctrine was applied to the letting of a contract, and that case has been followed in later cases involving the same question, and complainants' counsel say that the rule is limited to

cases of discretion exercised in letting a contract. But in *Fitzgerald v. Harms*, 92 Ill. 372, the question arose as to the power of the court to interfere with the action of a board of commissioners in settling for work done by a contractor in erecting a courthouse, and the court said the board was intrusted with power to examine and settle all accounts against the county, and that the court would not stop to inquire whether the claim of the contractor was meritorious or not; that commissioners clothed by the law with certain powers, as long as they keep within their jurisdiction although they may err in judgment, cannot be interfered with by the courts unless fraud be shown; that the only remedy is in the hands of the taxpayers in a judicious use of the ballot at the polls to defeat incompetent men. This case is cited and followed in *County of Coles v. Goehring*, 209 Ill. 142. In the opinion there is found a very full discussion of the powers and duties of courts in the supervision of public officers in the discharge of their duties in contracting for and supervising public improvements; and in *People v. Kent*, 160 Ill. 655, where the court found neither favoritism nor fraud as a matter of fact, and said none is to be inferred as a matter of law, it was held that in the absence of fraud courts have no right to interfere with the exercise of official judgment and discretion vested in a public officer. To the same effect is *Johnson v. Sanitary Dist. of Chicago*, 163 Ill. 285.

In the absence of proof of fraud it is immaterial whether the record shows want of intelligent care and attention on the part of the commissioners or not. Cases may be imagined where the negligence is so great that fraud would be presumed, or where the work accepted is so different from that contracted for as to make an improvement of an entirely different character and description, and in such cases a court of equity might grant relief. But on this record the default of the commissioners, if they were negligent or

erred in judgment, is beyond the power of a court of equity to remedy.

The decree is affirmed.

*Affirmed.*

This case was considered and decided at the October term, 1913, and the preparation of the opinion has been delayed by the sickness and death of MR. PRESIDING JUSTICE WHITNEY, to whom the case had been assigned to write the opinion.