Mike Lucas et al., Plaintiffs in Error, v. Eva H. Hamilton et al., Defendants in Error.

Gen. No. 34,208.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed November 3, 1930. Rehearing denied November 17, 1930.

J. H. SILVER and WILLIAM C. GREATMAN, for plaintiffs in error.

SAMUEL A. ETTELSON, Corporation Counsel, and FRANK J. CORR, Assistant Corporation Counsel, for defendant in error Zoning Board of Appeals. SCHUYLER, WEINFELD & PARKER, for defendant in error Louis Dworkin; CARL J. APPELL and GEORGE W. LENNON, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is a writ of error to review an order of the circuit court of Cook county entered in a proceeding upon certiorari granted by said circuit court to the Board of Appeals of the City of Chicago under the zoning ordinances of said city.

Louis Dworkin, the owner of premises known as 1021-25 North Robey Street, requested from the building commissioner of the city a permit to erect a one-story retail and wholesale bakery building on said premises. The request was refused and the owner appealed to the board, which after a hearing found that the ordinance imposed a hardship upon the owner and passed a resolution allowing a variation.

Petitioners are owners of certain pieces of real estate on said North Robey Street and on Winchester Avenue, a parallel street. North Robey Street is placed by the zoning ordinance in a commercial district and for what is described by the ordinance as a "C3" use. The ordinance declares:

"A C3 use shall include, provided all materials and products are stored and all manufacturing operations are carried on entirely within substantial buildings completely enclosed with walls and roof, and provided no operations are of such a nature as to become offensive or noxious to the occupants of adjoining premises devoted to or adapted for other uses, by reason of the

emission of odors, fumes or gases, dust, smoke, noise, or vibrations, the following uses:—food products, beverages, confections manufacturing, preparation, compounding, baking, canning, packing or bottling.''

The evidence indicates that the building, as the plans finally submitted provided it should be constructed, complied with all the provisions of the ordinance, but it is contended on the part of petitioners that the proposed building violated section 10 (d) of the ordinance, which provides:

''(d) No C3 use or part thereof, together with auxiliary uses thereto, shall be established in that part of a Commercial District which is nearer at any point to a residential district or apartment district than 125 feet.''

The boundary line between the commercial district, in which the Robey Street property is located, and the apartment district in which the Winchester Avenue properties are located is an alley between the two streets, and if the measurement is made in a direct line across the alley, the distance between the same is (of course) less than 125 feet; but if the distance is measured from the front of the lot on Robey Street to the front or, as it is claimed, to the rear, of the lots on Winchester Avenue, the distance would be much more than 125 feet.

The evidence shows without contradiction that many of the premises upon North Robey Street are already devoted to nonconforming uses; some being used for grocery stores, others for drug stores, another for a doctor's office. A dairy and a delivery stable are also located upon North Robey Street. The owner states (and the statement is not contradicted by any reply brief) that all of the witnesses who testified for petitioners were property owners from Robey Street and other streets situated in the commercial district, and that there is no evidence in the record tending to show

that the proposed building would cause any damage to property owners on Winchester Avenue.

After the request for a permit was filed, the plans seem to have been changed so as to permit a driveway in front of the premises with no means of egress or ingress from the back, which is to be wholly closed, and the construction is to be of a kind and character which would prevent noise of any nature. Indeed, the residence property on Winchester Avenue seems to be completely protected from damage under the altered plans.

In view of the nonconforming uses which already existed upon North Robey Street, the lack of objection by owners from the residential district and the want of standing to object under the terms of the ordinance by the owners on North Robey Street, and the findings of the circuit court after weighing the evidence, we would hardly be justified in holding that the Zoning Board abused its discretion in allowing the variation. Whether there was such abuse of discretion would seem to be the question which we are required to decide. *People v. Board of Sup'rs of LaSalle County,* 84 Ill. 303; *Johnson v. Sanitary District,* 163 Ill. 285; *MacGregor v. Miller,* 324 Ill. 113; *Minkus v. Pond,* 326 Ill. 467.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

McSurely and O'Connor, JJ., concur.