(No. 34272.—■■■■■■)

MICHAEL E. PUNZAK *et al.*, Appellees, *vs.* LOUIS L.
DELANO *et al.*, Appellants.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

118

John W. Curren, and Thomas W. Hoopes, both of Springfield, for appellants.

Sorling, Catron & Hardin, of Springfield, (Charles H. Northrup and George W. Cullen, of counsel,) for appellees.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Michael E. Punzak and other owners of lots in Wanless' Dial Court Addition to the city of Springfield brought suit in the circuit court of Sangamon County to enjoin Louis L. DeLano and Lucy Ann DeLano from violating a building line restriction. The cause was referred to the master in chancery, who heard the evidence, recommended that relief be granted, and overruled defendants' objections to the report. On the hearing before the court the objections stood as exceptions, which the court overruled. The

master's report was confirmed, and a decree was entered in favor of the plaintiffs. Defendants appeal to this court, contending that the restriction has become unenforceable because plaintiffs by their acts and conduct have disregarded it and have acquiesced in its violation by others.

The plaintiffs are the owners, respectively, of lots 72, 73, 75 and 76. The defendants own lot 74. All of the lots face east on MacArthur Boulevard in Springfield, in a neighborhood devoted to both residential and commercial use. The plat of the addition, recorded in 1920, and the deeds conveying the various lots, each contained a restriction "that no building of any kind shall be placed closer than 40 feet from the front lot line." The defendants have begun construction of a building to be set back only 30.85 feet from the line.

The record discloses that a number of structures in the addition, including the building on lot 76 owned by plaintiff Punzak, conform to the set-back line. It appears, however, that nine commercial and residential structures extend over the 40-foot limit by distances ranging from one or two inches to two feet; and that ten houses, including the two owned by plaintiffs Coulter and Poli, have porches which extend beyond the building line by eight or nine feet. The evidence is in conflict upon whether some of the porches were in fact substantial parts of the buildings. Defendants argue that, as to several properties, the porches which extend over the set-back line form a substantial part of the buildings and thus constitute a violation of the covenant; that the porches on the houses of plaintiffs Coulter and Poli are of this character; and that the plaintiffs must therefore be deemed to have waived or abandoned the restriction.

Restrictions on the use of property such as those created in this case, where they are imposed as a part of a general plan for the benefit of all the lots, give to the purchasers a right in the nature of an easement, which will be enforced

in equity against owners of other lots so affected. (*Cuneo v. Chicago Title and Trust Co.* 337 Ill. 589.) Equity will not enforce the restriction, however, where the evidence shows that the plaintiff has waived or abandoned it. (*McGovern v. Brown,* 317 Ill. 73.) The question whether such an abandonment has occurred depends upon the facts and circumstances of the particular case. Even though the plaintiff's own structure projects beyond the building line, he is not necessarily precluded from enforcing the restriction unless his own breach is a material and substantial one. *O'Neill v. Wolf,* 338 Ill. 508.

In the present case the houses of two of the plaintiffs, as well as some other houses in the addition, have porches which extend beyond the building line, and the buildings of some other property owners extend over the line two feet or less. The master found in effect that the porches do not form substantial parts of the houses, that they do not interfere with light and air, and that the violations are not sufficiently serious or material to indicate a waiver or abandonment of the restriction. We think the evidence is sufficient to support such findings. Where the master in chancery hears the evidence and makes findings thereon, which findings are approved by the chancellor who considers the evidence on exceptions taken thereto, the findings will not be disturbed by this court unless manifestly against the weight of the evidence. (*Rose v. Dolejs,* 1 Ill.2d 280.) It is not disputed that the building of plaintiff Punzak, constructed in 1950, conforms to the building line, and his property adjoins that of defendants. We do not think the porches on the houses of other plaintiffs substantially conflict with the purposes of the restriction, or constitute a breach sufficient to compel a finding of waiver or abandonment by the plaintiffs.

Defendants urge next that plaintiffs are precluded from enforcing the covenant because there has been a general abandonment of it by others, in which plaintiffs have

acquiesced. The contention is not supported by the evidence. The record shows not only that plaintiff Punzak considered himself bound by the restriction in constructing his own building, but also that another suit between other parties, brought in 1946 to enjoin a violation of the setback restriction in this subdivision is still pending. The violations relied upon by defendants consist of porches extending over the line, and of buildings which project various distances ranging from a few inches to two feet. But such violations are not sufficient to indicate acquiescence by the plaintiffs in an abandonment of the restriction, since there is no showing that they are material enough or close enough to plaintiffs' properties to have an appreciable effect thereon. Unless minor violations by others have a substantial relation to the plaintiff's property, or interfere with its enjoyment, the fact that he has not expressed objection does not preclude him from objecting to one which injuriously affects him. (*O'Neill* v. *Wolf,* 338 Ill. 508, 525.) The evidence is sufficient to warrant the finding that the violations are not of such a character as to indicate an abandonment of the covenant.

Defendants also argue briefly that the restriction should not be enforced because the character of the neighborhood has changed into one that is predominantly commercial. There is no evidence, however, concerning its former character, nor is there any showing that the object of the restriction can no longer be accomplished by its enforcement. The subdivision was not limited to residential use, the covenants containing no prohibition of commercial development. It cannot be said, therefore, that the presence of commercial buildings constitutes a change from that which was contemplated at the time the subdivision was laid out. The mere fact that a change has occurred in the neighborhood does not, alone, warrant a court of equity in relieving property of set-back restrictions. See *Cuneo* v. *Chicago Title and Trust Co.* 337 Ill. 589, 599.

Defendants have failed to show that the restriction has been abandoned, or that its removal would not unjustly injure other property. The circuit court was correct in awarding the relief prayed, and its decree will be affirmed.

*Decree affirmed.*