STANLEY MAGIC-DOOR, INC., Plaintiff-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 78-228

Opinion filed July 12, 1979.

Maurice J. McCarthy, of Chicago, for appellant.

Robert L. Janega, of Daley, Reilly and Daley, and William R. Quinlan, Corporation Counsel, both of Chicago (Richard Friedman, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff filed a declaratory judgment action seeking a declaration that the city of Chicago awarded a contract to an ineligible bidder. The city has throughout maintained that its action, being an exercise of discretion, is unreviewable in the absence of fraud. The court dismissed the complaint, stating that the plaintiff had no standing to bring suit and that the complaint was insufficient, being based on information and belief. The plaintiff has appealed. We find that the plaintiff did have standing, that the complaint was sufficient to state a cause of action, and

that any determination at this point whether the city's action was properly within its area of discretion would be premature. Accordingly, we reverse and remand for further proceedings.

The plaintiff, on July 22, 1977, filed an action for declaratory judgment and other relief against the city of Chicago and Builders Chicago Company alleging in part:

1. On or about April 22, 1977, the city of Chicago opened bidding on a five-year contract for the maintenance of the automatic doors at O'Hare International Airport and Chicago Midway Airport.

2. Under section 8—10—10 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 8—10—10) the city was required to award the contract to the lowest responsible bidder.

3. The contract defined the bidder as one who:

" * * * shall be familiar and experienced with, and regularly engaged in the maintenance, installation, repairing, and servicing of automatic doors and related equipment of type and design similar to the equipment covered under this contract.

Bidders shall be required to provide proof of having successfully maintained an amount of equipment equal to three times in number, the equipment covered under this Contract within the last five years.

No bidder will be considered acceptable in the consideration of award of this work unless he shall have already in force and operating, the following elements of a maintenance procedure to insure regular coverage of all preventive maintenance operations and possible sources of operating troubles."

4. The plaintiff was a qualified bidder as defined in the contract and delivered a bid for $510,576.

5. The plaintiff is informed and believes that the city awarded the contract to Builders Chicago Company.

6. The plaintiff is informed and believes that Builders Chicago Company is not qualified in that (a) it has in the last five years maintained no equipment other than the equipment covered by the contract and (b) that it has not successfully maintained that equipment in that there are legal actions involving personnel injuries and possibly loss of life pending against the city based on the defective maintenance of that equipment.

7. Builder's bid was for $482,140.

8. The city awarded the contract to Builders in the amount of $608,000 (while this amount is nearly $100,000 more than the amount of plaintiff's bid, the plaintiff does not contend that it was the lowest bidder because there was a subsequent alteration of the contract).

The defendant did not file an answer but instead filed a motion to dismiss on the ground that the city had found Builders Chicago

Company to be a qualified bidder and that the plaintiff by this action is attempting to substitute its determination of qualifications for that of the city of Chicago.

The hearing was held before the discovery sought by the plaintiff could be obtained, the defendant having claimed that the persons involved were out of town. At the hearing, the judge ruled that the plaintiff had no standing to maintain the action. Apparently he also ruled, although there was no formal motion to dismiss the complaint as insufficient, that the complaint was insufficient, being based on information and belief.

## I.

It seems that the appellees concede on appeal that the trial court erred in ruling that the plaintiff lacked standing to file the action since they state in their brief that the question of standing is not at issue in this case. Nevertheless, because the question of standing is in fact a vital issue, and because we find that the trial court erred in ruling that there was no standing, we believe discussion of the issue is merited.

■■■ Under Illinois law to have standing to file an action for declaratory relief one must possess a personal claim, status or right which is capable of being affected. (*Underground Contractors Association v. Chicago* (1977), 66 Ill. 2d 371, 362 N.E.2d 298.) As has been recognized by a host of Federal cases (Annot., 23 A.L.R. Fed. 301 *et seq.* (1975)), a bidder denied a contract because it was awarded to an unqualified bidder is such a person. The defendants have suggested that these cases are irrelevant because they are based on section 10 of the Federal Administrative Procedure Act (5 U.S.C. §702 (1976)) which confers standing on any person aggrieved by a governmental decision. But in fact it has long been recognized that in general State courts are much more willing than Federal courts to recognize standing to appeal on the part of any appellant who shows that he was in fact aggrieved by the administrative order (2 Cooper, State Administrative Law 538 (1965); *Scanwell Laboratories, Inc. v. Shaffer* (D.C. Cir. 1970), 424 F.2d 859), and palpable economic injuries have long been recognized as sufficient to lay the basis for standing with or without a specific statutory provision for judicial review. (*Sierra Club v. Morton* (1972), 405 U.S. 727, 31 L. Ed. 2d 636, 92 S. Ct. 1361.) And, of course, it is precisely such persons as the plaintiff who would have the incentive to challenge improper governmental action since they are the ones most directly injured by it; one cannot assume that State officers or agencies charged with the duty to do so will oversee and challenge every improper act of a political or administrative agency. Accordingly we hold that the plaintiff did have standing to bring this action.

## II.

■ The court apparently also dismissed the complaint because it was based on information and belief. Although this issue had not been raised in the defendants' motion to dismiss, it was apparently raised at the hearing without any formal motion being made or any prior notice being given as required by Rule 2.1 of the circuit court of Cook County. The defendants have cited no cases and we have found none holding that a complaint cannot be based on information and belief. To the contrary, section 35 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 35) provides that even where the pleadings are verified, the matters may be stated positively or upon information and belief. No complaint is bad in substance which contains such information as reasonably informs the defendant of the nature of the claim he is called upon to meet. (Ill. Rev. Stat. 1977, ch. 110, par. 42.) The plaintiff's complaint does so.

## III.

It is clear, therefore, that the court's decision cannot be affirmed on the grounds it gave for its judgment. Accordingly, we must reverse unless we can affirm the judgment on some ground properly before the trial court at that time. In other words, we must reverse unless it is clear that the defendants were entitled to have the complaint dismissed for the reason set forth in their motion.

■ The defendants' motion alleged that the city *had determined that Builders was a qualified bidder* and that the plaintiff was trying to substitute its determination for that of the city of Chicago. The parties in their motion did not allege in any way that Builders *was in fact a qualified bidder or even that it appeared to be a qualified bidder.* Nor have the defendants presented any evidence indicating that the bid conformed to the requirements laid down in the statutes and the specifications. To the contrary, we must conclude that the defendants are contending that once the city has said that a bidder was qualified and that the bid conformed to the requirements laid down by statute, ordinance, regulations or bid specification, no court can examine the truth of the statements even if the bidder and the bid are patently insufficient; indeed, even if, for example, required documents are not submitted with the contract or the contract is assigned in violation of section 8—10—14 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 8—10—14) to one already declared not to be a responsible bidder. We cannot agree with this contention as so broadly stated. *Johnson v. Sanitary District* (1896), 163 Ill. 285, 45 N.E. 213, relied on by the defendants is not in point. In *Johnson* the board rejected the lowest bid, determining that the bidder was not responsible. He sued. The court, pointing out that the statute specifically provided that the board should have the power to let to the lowest responsible bidder

and to reject any and all bids and readvertise, held that it could not interfere with the board's exercise of a discretion which was judicial in nature when it rejected the plaintiff's bid. This is not the situation here. While the city has the authority in its discretion to reject any and all bids (Ill. Rev. Stat. 1977, ch. 24, par. 8—10—12), it does not have the authority to award contracts in violation of the statutes and any such contracts are null and void as to the municipality. (Ill. Rev. Stat. 1977, ch. 24, par. 8—10—21.) Because discovery has not yet been obtained, the evidence has not yet been developed to the degree necessary to permit this court to determine if this is an area where the city may properly exercise its discretion in determining who is a responsible bidder (see, for example, Ill. Rev. Stat. 1977, ch. 24, par. 8—10—11), or whether specific nondiscretionary requirements set forth by statute, ordinance, regulation or bid specification must be complied with, and if they must, whether there has been such compliance.

For the foregoing reasons, we reverse and remand the case for further proceedings.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.