176 Ill. App.3d 938 (1988)
531 N.E.2d 961
ALBERT C. HANNA, Plaintiff-Appellant,
v.
AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, et al., Defendants-Appellees.
No. 87-3464.
Illinois Appellate Court  First District (1st Division).
Opinion filed November 28, 1988.
*939 Rosenthal & Schanfield, of Chicago (Lawrence M. Templer, of counsel), for appellant.
O'Halloran, Lively & Walker, of Northbrook (Clifford G. Kosoff, of counsel), for appellees.
Reversed and remanded.
*940 PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:
Plaintiff, Albert Hanna, brought an action to enjoin defendants, John Brown and American National Bank, as trustee, from violating a 50-foot building setback line which plaintiff alleged was applicable to defendants' property. The trial court granted defendants' motion for summary judgment and denied plaintiff's cross-motion for summary judgment. Plaintiff appeals from the order granting summary judgment.
Plaintiff contends on appeal that (1) the setback line for defendants' property was not abolished by an 1889 superior court decision, and (2) the facts did not establish that the setback line had been abandoned or abolished.
Defendants argue on appeal that plaintiff's appeal should be dismissed since the notice of appeal was not filed within 30 days following the entry of summary judgment or within 30 days following the disposition of a proper post-trial motion.
Plaintiff is the owner and resident of a three-story building located at 541 West Deming Place in Chicago. Defendants are the owners of a three-story building located at the southwest corner of Clark Street and Deming Place (the Clark/Deming property) in Chicago. The properties of plaintiff and defendants are separated by three separate, four-story, multi-unit brick apartment buildings. The defendants' property is the only property on the south side of Deming, west of Clark, which is zoned for commercial use.
On May 11, 1987, plaintiff filed a complaint for injunctive relief seeking to enjoin the construction of an addition to the building on defendants' property. The addition which defendants intended to construct was to consist of two five-story towers which would extend flush to the sidewalk, with no setback remaining. The complaint alleged that, when completed, this addition would be in violation of a 50-foot building setback line running parallel to the south side of Deming Place between Clark Street and Orchard Street. Plaintiff relied on a plat of the subdivision recorded on November 27, 1860. Defendants moved for summary judgment, admitting the previous existence of the setback line, but claiming that it had been abolished by an 1889 superior court case. In support of their position, defendants submitted a map maintained by the bureau of maps and plats of the City of Chicago which reflected, in "Note E," that "Superior Court Case No. 125303 abolished Bldg. Lines on Business Streets."
At defendants' request, the clerk of the circuit court of Cook County made a search for the file in superior court case No. 125303. *941 The remains of the file revealed that the case was entitled Gould v. Turner, and that, upon a hearing on the pleadings and on facts stipulated to by the parties, an order was entered on February 28, 1890, dismissing the plaintiff's cause for want of equity.
The Chicago Daily Law Bulletin, during the period December 20, 1889, through February 28, 1890, contained several references to superior court case No. 125303. In particular, an article appeared in the January 8, 1890, Law Bulletin which stated that "Judge Jamieson has rendered a decision which will interest every house owner in the City." The article went on to describe a lawsuit between Frank Turner and E.B. Gould in which Gould had sought to enjoin Turner from violating a building line on the north side of Wrightwood Avenue, near Clark Street. According to the article, Gould claimed that Turner's apartment building violated a building line placed on an 1860 plat of subdivision by "at least thirty feet." Turner had maintained that the building line was unenforceable since it had been abandoned by house builders along the street and that "nearly every house projected, either by porticos or steps, anywhere from three to ten feet over the line." According to the article, Judge Jamieson denied the relief sought by Gould, stating: "It appears here that Mr. Gould and everybody else on Wrightwood Avenue have disregarded the so-called building line. A man cannot come into court and seek to enjoin another man from doing what he has already done himself. Mr. Gould is estopped from enjoining Mr. Turner by his own acts. The injunction is refused."
On February 26, 1926, plaintiff's predecessor in title to the property located at 541 W. Deming entered into an agreement with the other owners of property on the south side of Deming between defendants' property on the east and Geneva Terrace on the west. In the agreement, the owners recognized the existence of the 50-foot Deming Place setback line, the fact that the line had been inadvertently and unknowingly violated by approximately six feet by prior construction, and the desire of the owners to prevent the line from being further encroached upon. Pursuant to the terms of the agreement, in order to preserve the uniformity of the buildings on the street and to maintain the setback line restriction, the parties agreed that the existing 44-foot setback would be maintained by all owners. Defendants' predecessors in title were not parties to the 1926 agreement.
Pursuant to an August 12, 1987, survey prepared at plaintiff's request, every building on the south side of Deming between defendants' property on the east and Geneva Terrace on the west was in violation *942 of a 50-foot building line. The extent of the violations were between 5.61 and 6.78 feet. The plaintiff's survey also notes that the City of Chicago map indicates that the 50-foot building line was abolished. In the trial court, plaintiff submitted a copy of the Chicago Title Insurance Company policy obtained by defendants upon their purchase of the Clark/Deming property. The policy contains the following title exception pertaining to a Deming Place setback line:
"4. Restrictions that * * * the north 50 feet of Lot 1 of Out Lot `C' shall be reserved and appropriated solely for courtyards and are not to be built upon as shown on plat of Wrightwood and certificate thereof recorded November 27, 1860 as Document 39964 in Book 161 of Maps page 10 and as referred to in subsequent deed."
On August 19, 1987, the trial court heard argument on the defendants' motion for summary judgment on an emergency basis. The trial court granted summary judgment in favor of defendants and denied plaintiff's cross-motion. The trial court ruled that the 50-foot Deming Place setback line had been abolished as reflected on the city map. The trial judge stated that the abolition of the setback line was corroborated both by the 1926 agreement pertaining to the maintenance of a 44-foot setback and by the fact that there exists a difference in zoning between the Clark and Deming property and properties west of it on Deming Place. Subsequently, plaintiff's motion to vacate the summary judgment was denied and plaintiff appealed.
 1, 2 We first address defendants' jurisdictional argument that plaintiff's appeal should be dismissed since it was not timely filed. Defendants argue that plaintiff's motion to vacate summary judgment filed in the trial court did not qualify as a proper post-trial motion under the supreme court rules (107 Ill.2d R. 303(a)(1)), and was, therefore, insufficient to toll the time for the filing of plaintiff's notice of appeal. Defendants contend that plaintiff's motion cannot be construed as a proper post-trial motion since the type of relief it sought was improper in that it alleged, in part, that the emergency hearing in the trial court was "irregular, outrageous and improper as to violate plaintiff's right to fundamental justice and due process and mandate vacation of the summary judgment." We find defendants' argument without merit. A motion qualifies as a post-trial motion under Rule 303(a)(1) and tolls the time for filing a notice of appeal if it requests one or more of the types of relief authorized in section 2-1203 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2-1203; see Tomaska v. Barone (1968), 104 Ill. App.2d 356, *943 244 N.E.2d 327.) Among the types of relief specified in section 2-1203 is a motion to vacate the judgment being attacked. Illinois case law likewise recognizes that a motion to vacate a judgment constitutes a post-trial motion for purposes of tolling the time for appeal under Supreme Court Rule 303(a)(1). (State Mechanical Contractors, Inc. v. Village of Pleasant Hill (1985), 132 Ill. App.3d 1027, 477 N.E.2d 509; Donlon v. Miller (1976), 42 Ill. App.3d 64, 355 N.E.2d 195.) The further requirement of Rule 303(a)(1) is that the post-trial motion be directed against the judgment being attacked. (107 Ill.2d R. 303(a)(1); State Mechanical Contractors, Inc. v. Village of Pleasant Hill (1985), 132 Ill. App.3d 1027, 477 N.E.2d 509.) From our review of plaintiff's motion to vacate, it is clear that the claims stated in the motion and prayer for relief sought to vacate the judgment and are directed against the judgment and, accordingly, the plaintiff's motion constitutes a proper post-trial motion under Rule 303(a)(1).
 3 Further, defendants contend that plaintiff's motion was not a proper post-trial motion since it was presented to a judge other than the judge who entered the summary judgment. The motion for summary judgment was ruled on by Judge David Shields on an emergency basis due to the absence of Judge Richard Curry, to whom the case was assigned. Judge Curry had heard all previous matters regarding the case, including a hearing on plaintiff's petition for a temporary restraining order and preliminary injunction. Although the better approach would have been to present the motion to vacate to Judge Shields since he entered the ruling, under the facts of this case, we find no error in Judge Curry having ruled on the motion since jurisdiction is vested in the court itself and not in any individual judge. People ex rel. Sandbach v. Weber (1949), 403 Ill. 331, 86 N.E.2d 202; State Bank v. Fair Winds, Inc. (1979), 73 Ill. App.3d 597, 392 N.E.2d 638.
Plaintiff initially argues on appeal that the Deming Place setback line was not abolished by superior court case No. 125303. The City of Chicago map which defendants presented in the trial court and which the trial court relied upon in granting summary judgment in favor of defendants reflects a 50-foot setback line on the south side of Deming Place running from Clark Street to Geneva Terrace, including the Clark/Deming property. "Note E" on the map recites that superior court case No. 125303 abolished building lines on business streets. The remnants of the court file in the case, Gould v. Turner, contained an order entered on February 28, 1890, dismissing the action for want of equity. We note, however that the court file did not contain the pleadings or other documents submitted by the parties and, *944 accordingly, is inconclusive as to what the court's holding was. Weis v. Tiernan (1878), 91 Ill. 27.
 4 Excerpts from issues of the Chicago Daily Law Bulletin printed contemporaneously with the decision in superior court case No. 125303 were admitted in the trial court which indicate that the decision in that case was not applicable to the Clark/Deming property, but rather involved property on Wrightwood Avenue, which is located one block north of Deming. Further, the deposition testimony of Charles O'Connor, superintendent of the City of Chicago bureau of maps and plats, related his recognition that the Bureau's maps have been found to contain errors and that a draftsman's error in preparing the maps may include recording an entry in an erroneous location. Mr. O'Connor stated that it is the procedure of the bureau to maintain a file containing the supporting documentation for any note listed on a city map and that this documentation did not exist as to the foundation for "Note E" on the map at issue. Plaintiffs also maintain that there is no reference in any of the 21 books maintained by the bureau of maps and plats covering the entirety of the City of Chicago which contains any reference to the abolition by court order on business streets or otherwise. In light of this evidence, we do not believe the City of Chicago map relied upon in defendants' motion for summary judgment established as a matter of law that superior court case No. 125303 abolished the 50-foot Deming Place setback line. While as an official record, the map is admissible to prove the matters contained therein, the accuracy and reliability of the "Note E" legend is questionable in light of the other evidence presented in the trial court. Oak Lawn Trust & Savings Bank v. City of Palos Heights (1983), 115 Ill. App.3d 887, 450 N.E.2d 788; Patton v. Armstrong (1972), 6 Ill. App.3d 998, 286 N.E.2d 351.
 5 The record here reveals the Chicago Title Insurance Company policy obtained by defendants upon their purchase of the Clark/Deming property provided them with notice of a setback line in that it contained a restriction that the north 50 feet of the lot were to be reserved and not built upon. In reviewing the evidence submitted at trial, we believe there were questions of fact raised as to the continued existence and enforceability of the 50-foot setback line, precluding summary judgment in favor of defendants and requiring reversal of the trial court's judgment. (Deliberto v. Stahelin (1988), 171 Ill. App.3d 355.) In our opinion, the evidence presented in the trial court does not provide a clear basis, at this stage of the litigation, to conclude that the setback line has been abolished. Therefore, we hold *945 the trial court erred in entering summary judgment in favor of defendants. Purtill v. Hess (1986), 111 Ill.2d 229, 489 N.E.2d 867.
 6 Plaintiff further argues that the facts presented to the trial court did not establish that the setback line had been abolished or abandoned. Defendant had argued in the trial court that the setback line had been abandoned or waived since there were other encroachments of the line. In Illinois, setback line restrictions will not be deemed unenforceable by reason of encroachments by a plaintiff or others unless such encroachments are so material and substantial as to undermine the purpose of the restriction and prevent the plan thereby created from being carried out. (Punzak v. Delano (1957), 11 Ill.2d 117, 142 N.E.2d 64; O'Neill v. Wolf (1930), 338 Ill. 508, 170 N.E. 669.) The purpose of a setback line restriction is to create an easement for unobstructed air, light and vision for the benefit of the public owners of the property covered by the restriction and to insure a degree of uniformity in appearance. (O'Neill, 338 Ill. 508, 170 N.E. 669; Freehling v. Development Management Group, Inc. (1979), 75 Ill. App.3d 243, 393 N.E.2d 646.) It is the defendants' burden to establish that the encroachments are so substantial and material as to have undermined the purposes for which the restriction was created. Moore v. McDaniel (1977), 48 Ill. App.3d 152, 362 N.E.2d 382.
In the case at bar, although the trial court did not rely on a theory of abandonment or waiver in granting summary judgment in favor of defendant, we believe this issue may be considered in the disposition of this matter. The evidence presented in this case established that Deming Place is a one-way street that extends for only two blocks, from Clark Street west to Orchard Street. The street is improved solely with single-family residences, low-rise apartment buildings and a church. No business establishments front on Deming Place and the street maintains an open and airy quality. Prior to the construction, defendants' building, located on the southwest corner of Clark and Deming, was set back in excess of 50 feet. Other buildings on the south side of Deming are set back in a range from 43.22 feet to 44.39 feet. The greatest encroachment on the 50-feet setback line is approximately 6 3/4 feet. Defendants' intended construction here would be flush out to the sidewalk.
 7 Defendants argue that a 1926 agreement, where the owners of properties located on Deming Place recognized the existence of a six-foot encroachment of the 50-foot setback line and agreed to maintain the line at 44 feet, supports their theory of abandonment of the setback line. The relevance of that agreement to the case before us is unclear where neither defendants nor their predecessor in title *946 were parties to the agreement. Further, it is clearly possible that the agreement was not intended, as defendants argue, to constitute an abandonment of the setback line where it had been abolished by a court decree, but rather the intention was that the setback line remain in existence subject to minor encroachments. In our judgment, the agreement does not serve as a prohibition on plaintiff from challenging an encroachment of the magnitude intended by defendants here. The relevant inquiry is whether plaintiff and his neighbors so materially and substantially breached the setback line as to have undermined the purpose for which the restriction was created, constituting abandonment. O'Neill, 338 Ill. 508, 170 N.E. 669; Punzak, 11 Ill.2d 117, 142 N.E.2d 64.
 8, 9 Summary judgment is a drastic remedy and requires that the pleadings, depositions, affidavits and other evidence on file be construed strictly against the moving party and most favorably to the opponent. (Kolakowski v. Voris (1980), 83 Ill.2d 388, 415 N.E.2d 397; Green v. McClelland (1973), 10 Ill. App.3d 350, 293 N.E.2d 629.) Summary judgment may be granted only when the right thereto is clear and free from doubt, and only when the evidence, construed strictly against the movant, establishes that there is no genuine issue of material fact. (Purtill v. Hess (1986), 111 Ill.2d 229, 489 N.E.2d 867.) From the foregoing discussion, we hold that in the case at bar material issues of fact exist as pertain to the existence and enforceability of the setback line and as to defendants' theory of abandonment and waiver.
For the reasons stated, the judgment of the trial court is reversed and this cause is remanded for trial.
Reversed and remanded.
BUCKLEY and QUINLAN, JJ., concur.