**Marie T. Schumacher, Appellee, v. Hannah Liesemeyer, Appellant.**

**Gen. No. 45,360.**

Opinion filed June 1, 1951. Rehearing denied June 13, 1951. Released for publication June 22, 1951.

RICHARD A. MUGALIAN, of Chicago, for appellant; CHARLES C. WOOSTER, of Chicago, of counsel.

CAPLOW & KELLEY, of Chicago, for appellee; C. A. CAPLOW, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Defendant appeals from a judgment in a malicious prosecution suit on a jury verdict in the sum of $2,500.

For a proper understanding of the issue here it is necessary to relate in chronological order the various proceedings in the cause. The trial commenced and ended on December 20, 1949, before JUDGE PAUL Mc-WILLIAMS, a city judge of Litchfield sitting temporarily in Cook county. On December 21st, in the absence of JUDGE McWILLIAMS, judgment on the verdict was entered by JUDGE EDWIN A. ROBSON of the superior court of Cook county. On January 3rd, defendant filed a motion for judgment notwithstanding the verdict and also a motion for a new trial. On February 1st, JUDGE McWILLIAMS entered judgment for defendant notwithstanding verdict. Thus, at this stage of the proceedings two inconsistent judgments appear of record.

On March 29, 1950, plaintiff filed notice of appeal seeking to reverse the judgment of February 1st. Plaintiff, on April 4, 1950, filed a petition seeking to vacate the order and judgment of February 1, 1950, upon the ground that the motion for judgment notwithstanding the verdict and for a new trial, having

456

been filed on January 3rd—more than ten days after the judgment on the jury's verdict of December 21, 1949—came too late. Before any ruling was made on this petition defendant, on May 8, 1950, filed a motion in the nature of a writ of *coram nobis* alleging substantially as follows: that upon the completion of the trial on December 20, 1949, JUDGE MCWILLIAMS, after instructing the jury, announced that he was leaving town and would return on January 3, 1950, at which time he would enter the appropriate judgment order and that thereupon he continued the cause to January 3, 1950; that "he stated that if counsel for both sides were agreeable he would instruct the bailiff to receive and announce the verdict of the jury in his absence; it was so agreed by counsel for both sides and it was so ordered"; that on December 20, 1949, the clerk entered in his book the following minute signed by JUDGE MC-WILLIAMS: "By agreement verdict to be read and filed and judgment entered on January 3, 1950, in this cause"; that on the morning of December 21, 1949, in the absence of JUDGE MCWILLIAMS and counsel for both parties, JUDGE EDWIN A. ROBSON received the verdict and entered judgment thereon for $2,500 against the defendant; that the minutes of the court clerk of December 20, 1949, reading: "By agreement verdict to be read and filed and judgment entered on January 3, 1950, in this cause" were with a pencil marked "Void"; that on January 3, 1950, counsel for each party appeared before JUDGE PAUL MCWILLIAMS in the courtroom usually occupied by him at 9:30 a.m. pursuant to the order of December 20, 1949, and defendant filed two motions, one for a new trial and the other for judgment notwithstanding the verdict.

The motion for writ of *coram nobis* was heard by JUDGE MCWILLIAMS on June 23rd. The relief prayed in the motion was allowed, and the proceedings of December 21st declared void and without effect and the

court clerk directed to strike from the records any notations referring to the judgment order in favor of plaintiff. On June 28, 1950, on motion made by plaintiff, the trial judge, reconsidering his prior action in entering judgment notwithstanding verdict, vacated and set aside his order of February 1st and entered judgment on the verdict. At the present stage of the proceedings judgments on the verdict have been entered by both JUDGE ROBSON and JUDGE McWILLIAMS.

Defendant in her brief states that the only question involved in the appeal is the validity of the order of June 28th entered by JUDGE McWILLIAMS. Her position is that, inasmuch as the judgment notwithstanding the verdict here appealed from was entered upon motion made more than thirty days after February 1, 1950, the judgment order of June 28th is void.

A careful analysis of this confused record leads to the following conclusion: The judgment entered on December 21st was not void *ab initio,* the court having had jurisdiction to enter the same, but was voidable had the matters set out in the petition for writ of *coram nobis* been established. However, the *coram nobis* proceeding was not properly brought before, or decided by, JUDGE McWILLIAMS, but should have been presented to JUDGE ROBSON, who admittedly entered the original judgment. In the recent case of *The People v. Sheppard,* 405 Ill. 79, the Supreme Court said at page 82:

"A reasonable construction of section 72 of the Civil Practice Act, to the extent it provides that all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by the writ of error *coram nobis,* 'may be corrected by the court in which the error was committed,' is that the motion in the nature of a writ of error *coram nobis* should be presented to the same judge who rendered the original judgment. As ob-

served in *McGrath & Swanson Construction Co. v. Chicago Railways Co.,* 252 Ill. App. 479 'That the errors to be corrected under the writ were errors of fact would seem to require that the writ should be brought before the same judge who rendered the original judgment, for he only would know whether or not he was ignorant of the fact which if known would have prevented the judgment.' "

██ ██ The motion for judgment notwithstanding the verdict and for a new trial, which sought to challenge the legally entered judgment on the verdict of December 21st, was ineffective for any purpose inasmuch as it was not filed within the ten-day statutory period after its entry (Sec. 68 (1) Civil Practice Act (Ill. Rev. Stat. 1949, Par. 192 [Chap. 110])) [Jones Ill. Stats. Ann. 104.068], and all subsequent orders in said cause were consequently void.

Wherefore, the order of the superior court of Cook county appealed from is reversed and the cause remanded with directions (1) that all orders in said cause subsequent to the judgment on the verdict of December 21st be vacated and set aside; (2) that the petition for a writ of *coram nobis* heretofore filed may be heard by JUDGE ROBSON; (3) that, in the event JUDGE ROBSON rules that the relief prayed in said petition should be granted, at least ten days' time be allowed defendant to file motion for judgment notwithstanding verdict or for a new trial, or both; and (4) that, if leave is granted to file said motions, they be transferred to JUDGE McWILLIAMS for disposition, or, in his absence, be disposed of in the regular manner.

*Reversed and remanded with directions.*

NIEMEYER, P. J. and FEINBERG, J., concur.