**Kathleen Kilbride, Plaintiff-Appellee, v. Robert E. Kilbride, Defendant-Appellant.**

**Gen. No. 49,881.**

First District, Fourth Division.

November 5, 1965.

Rehearing denied November 30, 1965.

Hall & Borkenhagen, of Chicago (Richard W. Hall and Raymond H. Borkenhagen, of counsel), for appellant.

Scariano, Gubbins and Pappas, of Chicago (Michael D. Gubbins, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal by the defendant from certain post-decretal orders entered in the Circuit Court of Cook County, 6th Municipal District. The orders complained of were:

1) that the defendant was denied a change of venue;
2) that the court struck and dismissed a petition to vacate the decree of divorce without a hearing on the merits;
3) that the court denied defendant's motion to modify the decree of divorce as to alimony payments; and
4) that the court entered an order awarding plaintiff $500 attorney's fees.

The case grew out of a divorce decree entered October 11, 1962, by Judge Carl W. McGehee, in the City Court of Chicago Heights, Illinois. The divorce was granted to the plaintiff, Kathleen Kilbride, from Robert E. Kilbride, the defendant.

On June 11, 1962, plaintiff filed a complaint for divorce in the City Court of Chicago Heights. The defendant answered on August 17, 1962. On October 6, 1962, a stipulation was entered into between the parties which provided that the cause might be placed on the uncontested calendar of the court and set down for immediate hearing "on complaint and answer as a default matter." At the same time the parties entered into a stipulation with reference to property rights and alimony payments, together with support money for a minor child of the parties whose custody was to be awarded to the mother.

357

On October 6, 1962, the cause was heard and a decree of divorce entered on October 11, which decree made the property agreement a part thereof.

On March 5, 1964, the court issued a rule on defendant to show cause why he should not be held in contempt of court for an alleged arrearage of $103 in alimony. On the same day the court permitted a substitution of attorneys, allowed the defendant to plead to the petition for the rule, and denied a motion made by the defendant that the matter be transferred to a judge assigned to hear post-decree motions in the Circuit Court of Cook County. On March 10, 1964, the defendant filed an answer to the petition, denying the allegations therein, and on March 13 the defendant asked leave to file a petition to vacate or modify the decree of divorce instanter, and also prayed for a change of venue from Judge Carl W. McGehee and Judge Maurice E. Schultz. Attached to the petition to vacate were the decree of divorce and the certificate of evidence. In his motion for change of venue the defendant set out that there was a cause pending before the court with reference to an order on the defendant to show cause theretofore entered by Judge McGehee, and that the petitioner feared he would not receive a fair and impartial trial before either Judge McGehee or Judge Schultz, with reference to the rule to show cause, the petition to vacate, or the petition to modify the decree. In that motion he stated that the prejudice first came to his knowledge "as of the commencement of these proceedings to vacate or modify the Decree of Divorce." He further prayed that the said judges should perform the ministerial act of giving him leave to file a petition to vacate or modify the decree of divorce instanter, and that an order for a change of venue should also be entered. On March 19, 1964, the defendant was given leave to file his petition, and the motion for change of venue was denied. The cause was reassigned to Judge McGehee for hearing.

■ At that time three matters were pending before the court; first, plaintiff's rule to show cause; second, defendant's petition to vacate the decree theretofore entered in the divorce action; and third, a prayer to modify the alimony payments ordered in the decree by virtue of a property agreement. The defendant had filed a motion for a change of venue from both Judge McGehee and Judge Schultz as to all three. With reference to the rule to show cause, the defendant's attorney, in his argument before the trial court, stated that defendant had no right to ask for a change of venue with reference thereto. Under those circumstances defendant can now have no complaint before this court.

■ Defendant's petition with reference to relief from the decree of divorce was brought under section 72 of the Civil Practice Act * (Ill Rev Stats 1963, c 110, § 72).

---

* § 72. Relief from judgments and decrees.

(1) Relief from final orders, judgments and decrees, after 30 days from the entry thereof, may be had upon petition as provided in this section. Writs of error coram nobis and coram vobis, writs of audita querela, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for said relief heretofore available, either at law or in equity, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered. There shall be no distinction among actions at law, suits in equity and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable.

(2) The petition must be filed in the same proceeding in which the order, judgment or decree was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule.

(3) The petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the

Defendant urges that the Circuit Court erred in refusing to grant a change of venue before a hearing on this petition.

People v. Sheppard, 405 Ill 79, 90 NE2d 78, was a case in which a judgment was entered against the defendant. Defendant filed a petition in the nature of a writ of error coram nobis under section 72 of the Civil Practice Act (Ill Rev Stats 1949, c 110, § 196). At that time the section provided that all errors of fact which would have been corrected by the writ of error coram nobis might be corrected by a motion made in the court in which the original error was committed. His motion in the nature of a writ of error coram nobis was assigned to the judge who had presided at the trial. The defendant was denied a change of venue. This ruling was upheld. The Supreme Court quoted from Chapman v. North American Life Ins. Co., 292 Ill 179, 126 NE 732, where it was stated:

> " 'At common law the writ of error coram nobis could be sued out of the same court when a judgment at law was rendered to reverse the judgment, and before the same judge who rendered the judgment, for an error of fact that might be brought to the knowledge of the court that would be sufficient, of itself, to defeat the judgment.' See: 1 Holdsworth's History of English Law, p 224; 1 Black on Judgments, sec 300; 49 CJS, Judgments, sec 316. The reasons which required the old common-law writ to be presented to the same judge who rendered the original judgment obtain with like force under sec-

ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.
. . .
(6) Any order entered denying or granting any of the relief prayed in the petition is appealable.

(7) Nothing contained in this section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief.

tion 72 of the Civil Practice Act. Accordingly, neither sections 1 nor 18 of the Venue Act is applicable to coram nobis proceedings. Defendant's petition for a change of venue was properly denied."

Under section 72 of the Civil Practice Act, as amended (1955, July 19, Laws 1955, p 2238, § 1), and now in effect, the same rule must be applied. The trial court committed no error in denying the motion for change of venue with reference to that portion of defendant's petition which asked that the original decree of divorce be vacated.

 The next question to be considered is whether or not the court properly denied a change of venue from that portion of the petition which prayed the court to modify the alimony payments ordered in the decree, because of a change in circumstances of the parties. It is the law that while husband and wife may not enter into an agreement for divorce, yet the amount of alimony the husband shall pay to the wife, the terms of the payment, and the length of time payment is to be made may be arranged between them by consent. When they agree upon alimony the court will embody the agreement in its decree, and the parties will thereafter be concluded. It is also the law that where there is a property agreement between the parties the question as to whether the condition of the parties has changed since the entry of a decree may be raised and passed upon by a court. Smith v. Smith, 334 Ill 370, 166 NE 85. The prayer to modify alimony in the instant case was a separate and distinct matter, and the change of venue should have been granted. Minster v. Minster, 53 Ill App2d 428, 203 NE2d 446; Gates v. Gates, 38 Ill App2d 446, 187 NE2d 460. All other proceedings taken by the court on that particular matter are void.

On April 21, 1964, Judge McGehee struck the portion of defendant's petition asking that the decree of divorce be vacated, and the defendant was discharged on the

rule to show cause. On May 11, 1964, after hearing, Judge McGehee denied defendant's petition to modify the decree of divorce, and the defendant was ordered to pay plaintiff the sum of $500 for attorney's fees. A petition for rehearing was filed, and was denied on May 18, 1964. From all of the foregoing orders this appeal is taken.

The defendant urges that the court erred in striking the portion of his petition which sought to vacate the divorce decree theretofore entered. That portion of the petition which prayed that the decree be vacated was based on allegations that the defendant had consented to have the case heard without putting in a defense, and that he had signed the property agreement under duress; also, that the plaintiff and her witnesses had committed perjury. The alleged duress was that the defendant had been employed by the American Red Cross, and had commingled with his own money certain funds (amounting to $403) which he held for the Park Forest Playhouse; that he might be in danger of losing his employment if this matter were brought to the attention of his employer; that the plaintiff agreed to and did go to great lengths to protect defendant's employment with the Red Cross on the condition that he would not contest the divorce action brought by her, and that he would agree to the property settlement therein incorporated. The perjury alleged was that the charge and evidence in the divorce case with reference to a certain assault allegedly made upon the plaintiff by the defendant on July 28, 1961, were false.

In Caswell v. Caswell, 120 Ill 377, 11 NE 342, it was held that a bill of review to impeach a decree cannot be based on the ground that the only fraud was that the decree had been obtained by false evidence.

In Burton v. Burton, 176 Okla 494, 56 P2d 385, duress is defined as such restraint being put upon a person as to compel him to act against his will, and virtually take away his free agency. Also see Robinson v. Robinson,

77 Wash 663, 138 P 288, 51 LRA 534. In 17 Am Jur, Divorce and Separation, § 497, it is stated that in order to show duress the party must show that he was compelled, not merely persuaded, to obtain a divorce.

In Bock v. Felker, 302 Ill App 116, 23 NE2d 568, the court quoted:

> " 'Duress has been defined as a condition which exists where one by an unlawful act of another is induced to make a contract or perform or forego some act under circumstances which deprive him of the exercise of free will. (14 Cyc 1123.) Mere annoyance or vexation will not constitute duress, but there must be such compulsion affecting the mind as shows that the execution of the contract or other instrument is not the voluntary act of the maker. (Citing cases.)' Harris v. Flack, 289 Ill 222."

 The agreement under which the wife was to co-operate with defendant to help him conceal his admitted wrongdoing was not duress. Dow v. Blake, 148 Ill 76, 35 NE 761, held that a man cannot allege that a decree of divorce had been obtained by collusion with his wife. This is true upon the well settled principle that in a court of justice a man cannot complain of a wrong done by himself, or of another's wrong in which he was a partaker.

In the instant case the defendant knew the testimony which his wife proposed to introduce in the case. He was represented by his counsel, who stood silent in court while the testimony was being introduced.

In Anderson v. Anderson, 4 Ill App2d 330, 124 NE2d 66, the defendant alleged in his petition to vacate that he had called at the office of plaintiff's attorney to sign some papers, but did not understand that one paper was an appearance and waiver of service of summons and consent to the immediate hearing of a cause; that subsequently he found he had signed an answer, the contents

of which he did not know; and that when he first realized that the plaintiff intended to file divorce proceedings, "his grief and shock so overwhelmed him he did not have free use of his faculties, he felt he did not care what happened, did not understand what was happening; and if he executed any documents, he did not realize the significance of same; . . ." In that case the court cited and quoted from chapter 77, Ill Rev Stats 1953, sections 82 and 84, which provided that a judgment has the same force and effect upon the expiration of 30 days from the date of its rendition as, under the former law, it had at the expiration of the term of court at which it was ordered; and the court cited and quoted from section 72 as it existed before the 1955 amendment. The court then discussed the fact of the collateral attack on a judgment or decree on the ground that a fraud was imposed on the court, and pointed out that all the facts alleged in the defendant's petition were known to him at the time of the divorce and if they were true he misled the plaintiff and the court by concealing such facts. The court said:

"... He had every opportunity to present in the divorce case the questions he now raises for the first time by petition to vacate about 21 months after the decree. . . .

"As to the alleged 'fraud, perjury, and deceit' referred to in defendant's present petition, considering the record and all the evidence at the original divorce hearing and all the evidence at the hearing on this petition, there was no 'fraud' practiced on defendant or the court going to the jurisdiction of the court. Defendant was not prevented from appearing, or from presenting any alleged defense."

The court held that he had his day in court and that the defendant could not be afforded a second opportunity to litigate jurisdictional or other facts. While the court held

that section 72, as then existing, was not applicable to the chancery case, nevertheless, had it been applicable, section 72 would not be sufficient to support the petition filed by the defendant inasmuch as it

". . . does not permit going into matters of law or into alleged facts appearing on the face of the record, or contradicting the finding of the court, or putting in issue a fact that has been adjudicated in the action or which arose on the original pleadings. It is never intended to relieve a party of the consequences of his own negligence. It does not lie merely to go into alleged false testimony at the original hearing, otherwise there would never be an end to litigation: [Citing cases.]"

In Antczak v. Antczak, 61 Ill App2d 404, 209 NE2d 838, an appeal was taken from an order dismissing a petition filed under section 72 of the Civil Practice Act, seeking to vacate a divorce decree previously entered. The complaint in the divorce case alleged cruelty on the part of the defendant. An answer was filed and a stipulation was entered that the matter be heard upon complaint and answer as a default matter. The court, after hearing, entered a decree in favor of the plaintiff. In his petition, under section 72, the defendant alleged fraud in that the plaintiff committed perjury during the trial. The court pointed out that the defendant's instant petition was a collateral attack on the decree, and cited Anderson v. Anderson, supra. The Appellate Court held that the trial court properly denied the defendant's petition and that the defendant was guilty of negligence in not raising the matters at the time of the trial.

 In People v. White, 63 Ill App2d 105, 211 NE2d 9, we called attention to the fact that in People v. Lewis, 22 Ill2d 68, 174 NE2d 197, the court stated that section 72 of the Civil Practice Act afforded a remedy in a proper case to obtain relief from a judgment based on perjured

testimony; the court, however, further held that the petitioner must show that it was through no fault or negligence of his own that the grounds upon which he now claims relief were not presented to the court. In that opinion the court does not mention or overrule People v. Touhy, 397 Ill 19, 72 NE2d 827, or Hall v. People, 402 Ill 478, 84 NE2d 418, which cases held that a petition under section 72 of the Civil Practice Act does not lie to correct false testimony. Even under the ruling in People v. Lewis, supra, the trial court acted properly inasmuch as there was no proper showing of lack of fault or negligence on the part of the defendant. The court properly dismissed that portion of the defendant's petition which sought to vacate the decree entered in the divorce action.

The orders of the trial court refusing to grant the defendant a change of venue as to that portion of his petition which seeks to vacate the original divorce decree, and the order of the trial court refusing to grant a change of venue on the rule to show cause, are affirmed.

The order denying the petition of defendant for change of venue as to that portion of his petition which seeks to modify the monetary provisions of the divorce decree because of change of circumstances, is reversed.

The order of the trial court dismissing that portion of defendant's petition which seeks to vacate the decree entered in the divorce action is affirmed. The order of the trial court denying the dismissal of that portion of the petition which seeks to modify the monetary provisions of the divorce decree is reversed and the cause remanded to the Circuit Court of Cook County.

 At the close of all the evidence the trial court awarded the plaintiff a lump sum of $500 attorney's fees for work done by her attorney on the rule to show cause and his work in connection with the entire petition of the defendant, both as to the vacation of the original divorce decree and the modification of that decree. The cause is

remanded to that court to reconsider the award of attorney's fees and to award reasonable attorney's fees to plaintiff on the proceedings taken concerning that portion of defendant's petition seeking to vacate the original divorce decree and on the proceedings taken on the rule to show cause. The attorney's fees, with reference to the portion of the petition remanded, are of course within the jurisdiction of the court which hears that matter. That court is directed to allow defendant a change of venue as to the portion of his petition seeking to modify the monetary provisions of the divorce decree and to transfer that issue to the appropriate division of the Circuit Court in Cook County.

Affirmed in part and reversed in part.

DRUCKER and ENGLISH, JJ., concur.