STATE BANK OF CLEARING, Plaintiff-Appellee, *v.* THE FAIR WINDS, INC., *et al.*, Defendants.—(DONALD MORTELL, Defendant-Appellant.)

First District (5th Division)    No. 78-375

Opinion filed June 29, 1979.

William T. Regas, and Brown, Dashow, Arons & Doran, both of Chicago (William T. Regas, William G. Romaniuk, and Michael Freeman, of counsel), for appellant.

Chapman and Cutler, of Chicago (Richard G. Smolev, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant (Mortell) appeals from an order granting plaintiff's (the Bank's) section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) to vacate a prior dismissal for want of prosecution. On appeal, Mortell contends that (1) the judge who granted the section 72 petition did not have authority to do so because the dismissal order was entered by a different judge, and (2) the section 72 petition is insufficient because it fails to show due diligence and is not supported by facts.

The following pertinent facts appear in the record.

In November 1973, the Bank filed a complaint against various defendants, including Mortell, seeking recovery on alleged guarantees of certain promissory notes. The Bank did not make a jury demand. Mortell appeared and answered but also failed to demand a jury. None of the remaining original defendants who appeared requested a jury. A third party defendant, Robert Crawford, was added by leave of court. Crawford appeared and filed a jury demand on March 2, 1976.

On June 21, 1976, Judge Landesman entered an order dismissing the cause for want of prosecution at the regular call of cases for trial. From the record it appears that none of the parties were immediately aware of the dismissal since contested motions were subsequently presented to, and heard by, the trial court.

On October 20, 1977, the Bank filed a section 72 petition requesting that the dismissal order be vacated. In support of the petition, the Bank alleged in pertinent part:

"4. The filing of the jury demand by Defendant Crawford should have effected the removal of this cause from the non-jury calendar of this Court and its transfer to the jury calendar. However, on June 21, 1976, the matter was dismissed for want of prosecution by Judge Landesman, apparently on a call of non-jury cases. A copy of said Order is attached hereto, marked 'Exhibit A.' "

The Bank also alleged that it was not aware of the dismissal order until October 11, 1977, when it presented a motion for a pretrial conference. Mortell responded to the section 72 petition with a motion to strike the petition on the grounds that it was insufficient in law. He argued that the petition consisted of conjectures and conclusions rather than facts. On November 28, 1977, Judge Sarnow granted the Bank's petition and vacated the dismissal order previously entered by Judge Landesman. Mortell appeals from the order of November 28, 1977.

OPINION

Mortell first contends that Judge Sarnow did not have the authority to vacate an order of dismissal for want of prosecution entered earlier by Judge Landesman. We disagree. Although the cases cited by Mortell indicate that a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) should preferably be presented to the judge who entered the original judgment, those cases do not hold that only the original judge has jurisdiction to rule upon the petition. (See *People v. Sheppard* (1950), 405 Ill. 79, 90 N.E.2d 78; *Schumacher v. Liesemeyer* (1951), 343 Ill. App. 455, 99 N.E.2d 353.) Jurisdiction is vested in the court itself and not in the individual judges. *People ex rel. Sandbach v. Weber* (1949), 403 Ill. 331, 86 N.E.2d 202; *Department of Public Works and Buildings v. Legg* (1940), 374 Ill. 306, 29 N.E.2d 515.

*People v. Sheppard* (1950), 405 Ill. 79, 90 N.E.2d 78, upon which Mortell primarily relies, is clearly distinguishable. In *Sheppard* defendant was tried by Judge Roberts, without a jury, and found guilty of assault. He later presented a section 72 petition seeking a new trial. The petition was assigned to Judge Roberts. Defendant sought a change of venue, alleging that Judge Roberts was prejudiced. The supreme court affirmed the denial of a change of venue, reasoning that Judge Roberts

"presumably would know whether the facts sought to be presented in the supplementary proceeding are facts which were unknown to the court at the time judgment was entered." 405 Ill. 79, 81-82, 90 N.E.2d 78, 80.

■■ We do not read the *Sheppard* case so broadly as to require that all section 72 petitions must be presented to the judge who entered the original judgment. Such a requirement would be both impractical and unwarranted. Here, the section 72 petition alleged that the case should have been transferred from the nonjury to the jury trial calendar. The Bank argues that this failure resulted in the matter being called for trial on the nonjury call and, when the parties did not appear, dismissed for want of prosecution. A proper ruling on the section 72 petition here, unlike the situation in *Sheppard*, did not require any particular or unique knowledge available only to the judge who entered the original judgment. Judge Sarnow was in a position to determine whether the petition had merit from an independent review of the record. Accordingly, under the facts presented here, we believe Judge Sarnow had authority to rule upon the Bank's section 72 petition.

Mortell next contends that the section 72 petition is insufficient because it is not supported by facts showing that the Bank is entitled to relief. Mortell argues that the petition states mere speculations and conclusions rather than allegations of fact. In order to succeed under section 72, the petitioner must allege facts which show he is entitled to relief (*Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 322 N.E.2d 25) rather than mere conclusions. See *Mutual National Bank v. Kedzierski* (1968), 92 Ill. App. 2d 456, 236 N.E.2d 336.

■■ In the instant case the Bank alleged that the case was dismissed for want of prosecution "apparently on a call of the non-jury cases," while it should have appeared on the jury trial call. The Bank, however, concedes that it does not know whether the case was actually dismissed from the nonjury or jury call. At oral argument counsel for the Bank admitted that the case, in fact, might have been dismissed on a call of the jury cases. The order of dismissal for want of prosecution states only that the case was dismissed "upon the regular call of cases for trial." The order does not indicate whether the case was on the jury or nonjury call of cases. The Bank's allegation is therefore based upon speculation rather than fact. The Bank concludes that the case was dismissed from the nonjury call without any factual evidence to support such a conclusion. We, therefore, conclude that the section 72 petition is insufficient to establish the Bank's right to the relief requested. The trial court, accordingly, should have dismissed the Bank's section 72 petition.

In light of our finding that the Bank has failed to present any facts entitling it to relief under section 72, we find it unnecessary to consider

whether the Bank's failure to discover the dismissal for 16 months evidences a lack of due diligence.

For the foregoing reasons the judgment of the circuit court is reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.