VIOLANDA LOFENDO, Plaintiff and Petitioner-Appellee, *v.* PETER OZOG, Defendant and Respondent-Appellant.

First District (1st Division)   No. 82—2604

Opinion filed September 26, 1983.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll, Byron L. Matten, and Lloyd E. Williams, Jr., of counsel), for appellant.

Herbert E. Cleveland, of Wheeling, for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Defendant Peter Ozog appeals an order of the circuit court of Cook County granting plaintiff Violanda Lofendo relief pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72). The order vacated a judgment dismissing with prejudice plaintiff's complaint for personal injuries. The issue to be decided on review is whether the trial court erred in granting plaintiff relief under section 2—1401.

The record reflects as follows. On December 10, 1981, plaintiff filed a lawsuit against defendant seeking damages for personal injuries sustained in an automobile accident. After various pleadings were filed and certain discovery conducted, the parties agreed to compromise and settle plaintiff's claim for $10,000. Pursuant to this

agreement, plaintiff's attorney drafted an order of dismissal, with prejudice, which was entered at a pretrial conference on August 11, 1982. A notation appears on the bottom of this dismissal order indicating that the sum of $10,000 was agreed upon by the parties.

The record discloses that plaintiff filed a motion to "Reinstate Cause" with the clerk of the circuit court on September 7, 1982. Simultaneously she filed a copy of a notice of motion directed to counsel for defendant, noticing them that the motion would be heard on September 8, 1982. Grounds for the relief sought were that plaintiff had determined the agreed upon amount of $10,000 was unacceptable and that she suffered from residual pain. Plaintiff apparently abandoned this motion since there is no record of court action upon the motion and an identical motion and notice were filed on September 21, 1982, at which time the trial judge entered a draft order entering the motion and continuing it to October 6, 1982.

On October 6, 1982, a different trial judge denied the motion. Following the denial of the motion, plaintiff made an oral motion to present the motion to reinstate as a petition for relief from final judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). Defendant's attorney, who was present at the hearing only in response to plaintiff's motion to reinstate, objected to the form and sufficiency of plaintiff's section 2—1401 petition. Over this objection, the trial court granted plaintiff the relief she sought and the dismissal order of August 11, 1982, was vacated.

■ On appeal, defendant argues that the trial court erred in granting relief under section 2—1401 as a result of numerous procedural and substantive deficiencies in plaintiff's petition for relief. We agree.

Section 2—1401 of the Code of Civil Procedure provides a statutory mechanism by which final orders or judgments may be vacated more than 30 days after their entry; that is, following the time when such order or judgment may no longer be reviewed or changed by the trial court. (*Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 357 N.E.2d 187; Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(a).) A petition under this section is not a continuation of the original proceeding but a commencement of a new cause of action. (*Campbell v. Kaczmarek* (1976), 39 Ill. App. 3d 465, 468, 350 N.E.2d 97.) As such, a section 2—1401 petition constitutes the moving party's pleading and, with other pleadings, it must be in writing, filed with the clerk of the court and made a part of the court record. *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 755.

Section 2—1401(b) sets forth the following requirements for the petition:

"(b) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule." Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(b).

The rule referred to in the above section is Supreme Court Rule 106 (87 Ill. 2d R. 106), which provides:

"Notice of the filing of a petition under section 2—1401 of the Code of Civil Procedure for relief from a final judgment after 30 days from the entry thereof shall be given by the same methods provided in Rule 105 for the giving of notice of additional relief to parties in default."

Supreme Court Rule 105, in turn, provides that the notice shall be directed to the party, and must be served either by summons, by prepaid certified or registered mail, or by publication. 87 Ill. 2d R. 105.

In the present case, plaintiff, in petitioning for section 2—1401 relief, failed to meet any of the above requirements. A petition seeking relief under this section was not filed with the clerk of the court and therefore was not part of the court record at the time such relief was granted. Plaintiff presented no "affidavit or other appropriate showing as to matters not of record." Finally, there was no compliance with the notice requirements of Supreme Court Rules 105 and 106, and defendant therefore had no opportunity to prepare any legal or factual reply to plaintiff's request for section 2—1401 relief.

In view of the foregoing deficiencies, the trial court failed to have before it a proper pleading upon which to grant section 2—1401 relief.

We next turn to the substantive inadequacies of plaintiff's section 2—1401 petition. The grounds plaintiff asserted to vacate the judgment order of dismissal were that plaintiff, "after discussing the case with various members of her family decided that the amount offered in settlement was unacceptable." The order granting section 2—1401 relief indicated that the basis for vacating the dismissal order was that plaintiff had "changed her mind" subsequent to the entry of the order. Such grounds clearly are not sufficient to justify section 2—1401 relief.

Section 2—1401 constitutes an exception to the general rule that the trial court loses jurisdiction after 30 days, and this exception is a limited one. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294; *Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 434 N.E.2d 55.) The

purpose of this section is to enable a party to bring before the court rendering judgment matters of fact not appearing in the record, which, if known to the court at the time judgment was entered, would have prevented its rendition. (*McKnelly v. McKnelly* (1976), 38 Ill. App. 3d 637, 348 N.E.2d 500.) To obtain relief pursuant to this section, a party must set forth in his petition facts showing due diligence and the existence of a meritorious defense or claim. (*M.L.C. Corp., Inc. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560.) A petition seeking relief from a final judgment or order under this section is not intended to relieve a party from the consequences of his or her own mistake or negligence. 59 Ill. App. 3d 504, 511.

Plaintiff in this case has failed to set forth the above-mentioned factual allegations required for relief pursuant to section 2—1401. Moreover, this court has previously asserted that a section 2—1401 petition is not intended as a remedy for a belated "change of mind," as occurred in the case at bar. *Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 140, 434 N.E.2d 55.

Plaintiff, on appeal, argues that she is entitled to section 2—1401 relief because the settlement agreement between the parties was merely tentative and not intended to be final. Our review of the record of the proceedings below fails to disclose any such intention by either party. Plaintiff, however, contends that the trial judge indicated at the time he entered the order of dismissal that he would vacate the order if the plaintiff did not accept the settlement which her attorney had made with defendant's attorney. Such an indication does not appear in the order of dismissal which was drafted by plaintiff's counsel. The dismissal order, on its face, appears absolute and contains no conditions. Defendant maintains that the settlement agreement was intended by both parties to be binding.

In support of her allegation that the agreement was merely conditional, plaintiff has included in her brief a document entitled a "Bystander's Affidavit." This document was signed by Judge Kenneth Cohen who entered the August 11, 1982, order of dismissal. The affidavit provides, in pertinent part, that the court instructed the plaintiff's attorney to enter a dismissal order subject to the approval of the plaintiff-client who was not present in the courtroom.

The affidavit was executed on April 25, 1982, more than eight months following the judgment order of dismissal, and was not properly incorporated as part of the record of the proceedings below pursuant to Supreme Court Rule 323 (87 Ill. 2d R. 323). Consequently, this affidavit cannot be considered by the court on review. We further find the use of such an affidavit to be improper; a trial judge may not

change the unambiguous contents of the record by virtue of his personal nonrecord recollection of matters. See *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457; *Frank v. Village of Barrington Hills* (1982), 106 Ill. App. 3d 747, 436 N.E.2d 276; *Pick v. Pick* (1978), 58 Ill. App. 3d 357, 374 N.E.2d 689.

Moreover, Judge Cohen did not rule on plaintiff's motion to reinstate when it was presented to him on September 21, 1982. Instead, he entered an order continuing the matter until October 6, 1982. On that date, Judge Edward Fiala denied plaintiff's motion to reinstate and granted relief pursuant to section 2—1401. Judge Cohen properly should have heard the section 2—1401 petition since a petition pursuant to this section is required to be brought before the same judge who rendered the original judgment. *Kilbride v. Kilbride* (1965), 64 Ill. App. 2d 355, 212 N.E.2d 252; *Schumacher v. Liesemeyer* (1951), 343 Ill. App. 455, 99 N.E.2d 353.

▮ We additionally note that plaintiff's reliance on *Thornberry v. Board of Education* (1972), 8 Ill. App. 3d 351, 290 N.E.2d 360, and *Vece v. De Biase* (1964), 46 Ill. App. 2d 248, 197 N.E.2d 79, is misplaced. Both cases indicate that a compromise "is not considered final or concluded until *** a judgment has been entered." (*Thornberry v. Board of Education* (1972), 8 Ill. App. 3d 351, 354; *Vece v. De Biase* (1964), 46 Ill. 2d 248, 252.) Here, not only was a judgment of dismissal entered but a post-trial motion seeking to vacate that judgment and reinstate plaintiff's claim was denied. Plaintiff failed to assert in her post-trial motion that the settlement was supposedly tentative, nor did she appeal from the order denying her motion to vacate. If plaintiff believed that the denial of her motion to vacate was erroneous, her proper recourse was to appeal the denial. Section 2—1401 is not intended to provide a review of an order from which a party could have appealed within the time fixed by rule, and cannot be invoked as a substitute for a party's right to appeal. See *Lilly v. County of Cook* (1978), 60 Ill. App. 3d 573, 377 N.E.2d 136.

In view of the procedural and substantive deficiencies in plaintiff's request for relief under section 2—1401, we conclude that the trial court erred in vacating the order of dismissal pursuant to this section. Accordingly, the order granting plaintiff relief under section 2—1401 is reversed and the order of dismissal of August 11, 1982, is reinstated.

Reversed.

McGLOON and GOLDBERG, JJ., concur.