ROBERT TUCKER, as Father and Next Friend of Mark Tucker, Plaintiff-Appellant, v. PATRICK McNULTY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—3213

Opinion filed August 3, 1988.

Walter Z. Rywak, of Oak Park, for appellant.

Donald Hubert & Associates, of Chicago (Donald Hubert and Philip J. Fowler, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Robert Tucker, as father and next friend of Mark Tucker, obtained a default judgment against defendant Patrick McNulty, a Chicago police officer, for failure to file an appearance or plead after the police department was served with his summons. The trial court subsequently granted McNulty's section 2—1401 petition (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) to vacate the default judgment and denied plaintiff's motion for rehearing. On appeal, plaintiff maintains that the trial court abused its discretion in vacating the default judgment because McNulty failed to sufficiently prove due diligence and the presence of a meritorious defense to justify relief under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). Plaintiff further claims that the trial court improperly denied his motion to transfer the section 2—1401 hearing to the court where the default was granted.

Plaintiff filed this suit against defendants McNulty, Darlene Obrzut, and the City of Chicago alleging battery and a violation of constitutional rights. These allegations arise out of an incident on May 4, 1986, when McNulty, an off-duty police officer, was visiting Obrzut, a family friend. In his complaint, plaintiff alleges that McNulty, without cause or provocation, instigated an incident with Mark Tucker, striking him about the face and body, causing him injury.

The sequence of events, as revealed by the pleadings and affidavits, is as follows. On September 11, 1986, a summons was served on the city. On September 15, 1986, a summons directed to McNulty was served on the Chicago police department. On September 16, 1986, McNulty was instructed to report to the office of the Superintendent

of Police, where he was handed the summons. McNulty engaged an attorney to determine if he would be represented by the corporation counsel's office. In mid-October, McNulty met with two assistant corporation counsel who informed him that whether or not their office would represent him in this case depended on their determination of whether McNulty was acting in his official capacity at the time of the incident. The attorneys told McNulty that while this determination was being made, they would either prepare a *pro se* appearance for McNulty or enter their appearance on his behalf before the 30-day period to file an appearance had elapsed.

The corporation counsel filed an appearance on behalf of the city on October 27, 1986. No appearance was filed on behalf of McNulty.

On November 19, 1986, a notice of motion to default McNulty was served on McNulty by mailing it to the Chicago police department. McNulty states by affidavit that he never received this notice. On November 25, 1986, Judge Hoffman entered a default order against McNulty.

On December 12, 1986, Judge Mackey held a prove up and entered a default judgment against McNulty in the amount of $51,600.

According to his affidavit, on December 24, 1986, assistant corporation counsel Evan Canter, mistakenly believing that the motion to default was directed against the city only, filed a motion to vacate the default as to the city. This motion was set to be heard by Judge Hoffman on April 10, 1987.

McNulty received notice of the default judgment and a demand or request for payment on January 26, 1987. He immediately informed the corporation counsel of the default judgment. Canter stated in his affidavit that this was the first he learned that McNulty had been personally defaulted. Canter informed McNulty that the default matter would be taken care of before Judge Hoffman on April 10, 1987.

On March 16, 1987, McNulty discovered for the first time, upon receiving his paycheck, that his wages were being garnished for collection of the judgment. On March 20, 1987, McNulty met with members of the corporation counsel's office and learned that an appearance on his behalf had never been filed. McNulty retained counsel that same day and filed a section 2—1401 petition to vacate the default judgment before Judge Mackey on March 31, 1987. The petition contained supporting affidavits from McNulty and Canter. Plaintiff filed an answer to the section 2—1401 petition with several supporting affidavits which addressed McNulty's meritorious defense. Plaintiff also filed a motion to transfer the hearing on the petition to Judge Hoffman. All motions and the petition were set for hearing be-

fore Judge Mackey for May 1, 1987. On that day, Judge Mackey vacated the default judgment and denied plaintiff's motion to transfer after plaintiff's attorney failed to timely appear for the hearing.

On May 27, 1987, plaintiff filed a motion for rehearing on the section 2—1401 petition. Judge Mackey denied plaintiff's motion on September 9, 1987, and plaintiff filed a notice of appeal on October 9, 1987.

■ Prior to reaching the merits of the appeal, we initially consider and reject McNulty's contention that this appeal should be dismissed for lack of jurisdiction. McNulty contends that to perfect the appeal, the notice of appeal had to be filed within 30 days of May 1, 1987, the date the ruling on the section 2—1401 petition was entered, and not within 30 days of the ruling on the motion for rehearing.

In *Burnicka v. Marquette National Bank* (1982), 88 Ill. 2d 527, 431 N.E.2d 358, the court held that if within 30 days of the grant or denial of a section 72 petition (the predecessor section to section 2—1401), a post-trial motion directed against that judgment is filed, the motion will extend the time for filing the notice of appeal until 30 days after the order disposing of the motion is entered. (See also *Elg v. Whittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232.) We conclude that plaintiff properly perfected his appeal by filing notice of appeal within 30 days of the denial of his motion for rehearing.

■ ■ Turning to the merits of this appeal, plaintiff challenges the trial court's granting of McNulty's petition under section 2—1401 to vacate the default judgment. Section 2—1401 provides a procedure for obtaining relief from final orders, judgments and decrees after the passing of 30 days from the date of entry thereof. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) A petition for vacation of judgment invokes the equitable powers of the court when the exercise of such power is necessary to prevent injustice. The decision to vacate rests within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. (*Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 486 N.E.2d 335.) Generally, courts have held that two elements must be alleged in any petition under this section: first, the petitioner must have a meritorious defense, and second, the entry of the judgment must not have been the result of a lack of diligence. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 449 N.E.2d 560; *M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560; *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 305 N.E.2d 25.) In determining diligence, the law looks to what a reasonable person would do under the same circumstances. *Frostin v. Radick* (1979), 78 Ill. App. 3d 352, 355, 397 N.E.2d 208, citing *Busser*

*v. Noble* (1956), 8 Ill. App. 2d 268, 131 N.E.2d 637.

After being served with summons, McNulty immediately spoke with the corporation counsel's office regarding his representation. Although McNulty was informed that there was a question as to whether he was acting in an official capacity, and thus would be represented by the corporation counsel, he was informed that the city would either prepare a *pro se* appearance or enter an appearance on his behalf. In an affidavit in support of the petition, McNulty states that based on the fact that he was not contacted, he believed the corporation counsel had filed an appearance on his behalf.

McNulty further states in his affidavit that he never received notice of the motion to default which plaintiff maintains was served on him by mail addressed to the Chicago police department. McNulty received a letter from plaintiff's attorney in January 1987, disclosing to him for the first time that a default judgment had been entered against him. That same day, McNulty wrote the corporation counsel's office regarding the default judgment. In another affidavit submitted in support of McNulty's petition, assistant corporation counsel Canter states that upon learning of the default judgment against McNulty, he informed McNulty that the default matter would be taken care of when the motion to vacate the default was heard on April 10, 1987. Based on this representation, McNulty continued to believe that the corporation counsel was handling the matter on his behalf.

In March 1987, when McNulty received a paycheck and realized that his wages were being garnished, he immediately called Canter and informed him of the garnishment. McNulty learned that the corporation counsel had never filed an appearance on his behalf and was not representing him in this matter. The same day, McNulty retained an attorney who began to handle the defense.

■ In the present case, McNulty reasonably relied upon the representations of the corporation counsel's office in regards to the progress of the case. McNulty diligently inquired into the representation at the appropriate times and reasonably believed that the defense of his case was being handled. For these reasons, we cannot say that McNulty was negligent in following the progress of the case or lacked the due diligence sufficient to support a section 2—1401 petition.

■ McNulty also set forth a meritorious defense in his section 2—1401 petition. When McNulty, while off duty, was visiting Obrzut, they learned that the son of Obrzut's neighbor had just been stabbed. McNulty and Obrzut went to the neighbor's apartment after the neighbor had taken her son to the hospital. They asked a group of teenagers gathered in the apartment to leave. McNulty states that he

asked Mark Tucker to leave, and Tucker refused to do so. McNulty walked over to Tucker and Tucker shoved him, causing McNulty to secure Tucker by the arms and escort him out of the apartment. McNulty denied striking Tucker without cause or provocation. The purpose of a section 2—1401 petition is to determine the propriety of vacating the prior judgment and is not concerned with litigating the merits of the underlying complaint. (*Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 398 N.E.2d 972.) The facts alleged in McNulty's affidavit constitute a meritorious defense to plaintiff's charge of battery, and the trial court did not err in granting McNulty's petition to vacate the default judgment.

■ Plaintiff's final contention on appeal is that the trial court improperly denied his motion to transfer the hearing to the court where the default was granted. The record shows that the original default was entered by Judge Hoffman. Subsequently, Judge Mackey held a prove up on damages and entered a default judgment for $51,600. Judge Mackey denied plaintiff's motion to transfer the hearing on the section 2—1401 petition to Judge Hoffman.

Section 2—1401(b) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(b)) states that "[t]he petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof." Here, both judges participated in the default judgment and there is no question that McNulty filed his section 2—1401 petition in the same proceeding. Furthermore, there is no absolute requirement that the judge who entered the original order must rule on the petition to vacate such order. (See *State Bank of Clearing v. The Fair Winds, Inc.* (1979), 73 Ill. App. 3d 597, 392 N.E.2d 638.) We therefore find that Judge Mackey properly ruled on the section 2—1401 petition and did not err in denying plaintiff's motion to transfer to Judge Hoffman.

For the reasons stated, the judgment of the circuit court of Cook County granting McNulty's petition to vacate the default judgment and denying plaintiff's motion for rehearing is affirmed.

Judgment affirmed.

RIZZI and FREEMAN, JJ., concur.