LEAVENS, ARMIROS AND ROSS, LTD., Plaintiff-Appellant, v. KARIN ENGLISH, Defendant-Appellee.

First District (5th Division)   No. 1—88—1001

Opinion filed September 7, 1990.

Richard Jaffe, of Chicago, for appellant.

Roosevelt Thomas, of Chicago, for appellee.

PRESIDING JUSTICE COCCIA delivered the opinion of the court:

I

Plaintiff Leavens, Armiros & Ross, Ltd. (Leavens), appeals from the circuit court's order sustaining defendant Karin English's motion to vacate a default judgment entered against her. For the following reasons, we have concluded that the circuit court did not abuse its discretion in sustaining English's motion.

II

Leavens filed its complaint on August 13, 1985. Leavens alleged that it performed legal services for English at an agreed price of $3,406.22. Leavens further alleged that it demanded English pay its fee, but that she refused to do so. In the alternative, Leavens claimed that there was an account stated between it and English, and that the amount found due and owing was $3,406.22.

Leavens experienced difficulty in serving process upon English. On October 30, 1985, a special deputy was appointed to make service of process, and English was served on May 8, 1986. On June 11, 1986, an *ex parte* default judgment was entered against English in the amount of $3,406.22.

Leavens filed its citation to discover assets on June 15, 1987, over one year after it secured the default judgment. On July 20, 1987, a hearing on the citation was held in the circuit court. English appeared *pro se* at the hearing. She informed the court that her attorney, who had all her files, died three weeks before the hearing. English asked

the court whether she had a right to counsel. Judge Elliott responded by telling English that Leavens had a default judgment against her. The court explained the nature of a citation proceeding to English, advised her to answer counsel for Leavens' questions about her ability to pay the judgment, and informed her that she had the right to come back and vacate the judgment or any orders it might enter. The court told English that she could retain another attorney to assist her in vacating the judgment. After English answered counsel's questions, the court stated:

"We're going to do what we call heard and discharged. This means for six months from today, if you get any motions or anything you must come back. You're free to go for now."

English subsequently retained another attorney, who filed a petition to vacate the default judgment pursuant to section 2—1401 of the Illinois Code of Civil Procedure on November 17, 1987. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) English alleged that in June of 1986, after she was served with Leavens' complaint, she retained attorney Aldous Mitchell to defend her. English further alleged that Mitchell died in July of 1987. That same month, she received the citation, which required to her appear at the hearing of July 20, 1987. According to English, this was her first notice of the June 11, 1986, default judgment. Based upon Judge Elliott's remarks at the hearing, quoted above, English stated she was left with the impression that she had six months to take action regarding the judgment. English claimed she had not been dilatory, because she had retained another attorney and moved to vacate the judgment within six months. In addition, English claimed that she had a meritorious defense, because her obligation to pay for the legal services rendered by Leavens was contingent upon its success in assisting her to fund a proposed business. As Leavens did not complete its work, English stated, her business was not funded; thus, she was not obliged to pay its fee.

Along with a transcript of the July 20, 1987, hearing, English attached an affidavit to her petition. In the affidavit, English affirmed that after the hearing of July 20, 1987, she reviewed the court file, had it reproduced, and searched her records regarding Leavens' claim. Again, English stated that she had a meritorious defense, as Leavens did not complete its legal services, as she and Leavens had agreed that its work for her business was a necessary step to financing, and as its fees were contingent upon actual receipt of financing. Because Leavens did not put together an adequate proposal, English affirmed, her business was never financed. Attached to the affidavit was a letter to Leavens, dated August 17, 1985. In her letter, English

wrote that Leavens agreed to provide legal services in developing an offering memorandum to finance her business. It was her understanding, the letter continued, that payment for services rendered was contingent upon complete funding of the business. English wrote that her business was not financed, due to an inadequate offering memorandum. English concluded by stating that her business was unable to meet its expenses and, as agreed, she would not pay Leavens until financing was obtained.

Leavens filed its response to English's section 2—1401 petition on November 24, 1987. Leavens argued that the default judgment against English should not be vacated as she failed to make the required showing under section 2—1401, namely a meritorious defense and due diligence. Leavens filed a supplemental response on December 3, 1987. It submitted the affidavit of attorney Thomas R. Leavens, along with a letter to English dated February 2, 1985. According to these documents, Leavens was not responsible for the failure to secure financing for English's business and the legal fees charged to her were not contingent upon successful financing.

English then filed a second affidavit in support of her petition. In this affidavit English affirmed that when, after being served, she hired attorney Mitchell to represent her, she gave him a $350 retainer.

A hearing on English's petition began on January 4, 1988, and was continued until January 7, 1988. On the latter date, Leavens argued that the default judgment should not be vacated, because English was chargeable with her original counsel's neglect in not defending her against its claim. The hearing was continued until March 1, 1988. On that date, Judge Balanoff noted that Leavens waited one year after securing its default judgment to file its citation to discover assets, which delayed the proceedings. The court then found that English met her burden of showing a meritorious defense and due diligence. Accordingly, the circuit court sustained English's petition to vacate the default judgment. Subsequently, Leavens appealed to this court. See 107 Ill. 2d R. 304(b)(3).

### III

■■ Section 2—1401 provides a means for obtaining relief from a default judgment after the passing of 30 days from the judgment's entry. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) A section 2—1401 petition invokes the equitable power of the circuit court, when the exercise of such power is necessary to prevent injustice. (See *Tucker v. McNulty* (1988), 173 Ill. App. 3d 722, 725, 527 N.E.2d 953,

955.) Two elements must be alleged in a petition under this section: first, the petitioner must have a meritorious defense; second, the entry of judgment must not have been the result of the petitioner's lack of diligence. In determining diligence, the law looks to what a reasonable person in the petitioner's circumstances would have done. The decision to vacate rests within the sound discretion of the circuit court and will not be disturbed on review unless that court abused its discretion. See *Tucker*, 173 Ill. App. 3d at 725-26, 527 N.E.2d at 955.

We cannot say that the circuit court abused its discretion in concluding that English had a meritorious defense to Leavens' claim. English's section 2—1401 petition, the supporting affidavits, and the letter of August 17, 1985, sufficiently allege that her payment to Leavens for legal fees was contingent upon the successful funding of her business, and that the business was not funded because of Leavens' conduct. Although Leavens denies the truth of these allegations, and we express no opinion regarding their truth, English undoubtedly would have a meritorious defense to Leavens' claim if they proved to be true.

The matter of English's diligence is more complex. Leavens' principal argument in this court, as below, is that English is bound by the negligence of her first attorney—now deceased—who did not defend her against its complaint. A court may, however, refuse to impute such negligence to the petitioner when mitigating circumstances are present. See *Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 488, 386 N.E.2d 291, 294 (where petitioner retained substitute counsel when it became apparent that his first attorney failed to take appropriate action, circuit court did not abuse its discretion in sustaining petition).

We cannot say that the circuit court abused its discretion in concluding that English exhibited due diligence. Shortly after she was served with process, English retained, attorney Mitchell, paying him $350 to defend her. Mitchell subsequently died. English then appeared at the citation hearing to protect her rights. English understood Judge Elliott's remarks to mean that she had six months to vacate the default judgment. Apparently, the judge was referring to the six-month automatic termination period that applies to citation proceedings. (See 107 Ill. 2d R. 277(f).) In our opinion, it was not unreasonable for someone in English's position (a *pro se* defendant) to have interpreted Judge Elliott's remarks as meaning that she had six months to vacate the default judgment. Within six months English reviewed the court file as well as her own records, retained new counsel, and filed a section 2—1401 petition.

■ We also have considered Leavens' delay in executing on its judgment against English. While not controlling, a delay in execution of more than 30 days after the rendition of a default judgment casts a cloud upon the proceedings and is a fact to be considered in determining due diligence. (See *Verni v. Imperial Manor of Oak Park Condominium, Inc.* (1981), 99 Ill. App. 3d 1062, 1067, 425 N.E.2d 1344, 1348.) As previously mentioned, Judge Balanoff observed below that Leavens did not commence citation proceedings until one year after securing its default judgment against English. Therefore, on the basis of the foregoing facts and principles, as well as the deferential standard of review, we refuse to overturn the circuit court's order sustaining English's motion to vacate.

## IV

■ In closing, we must comment upon the parties' conduct in this court. English's counsel failed to appear for oral argument. Leavens' counsel filed a brief that fails to conform with the supreme court rules, in that it lacks any citations to the record (113 Ill. 2d Rules 341(e)(6), (e)(7)), and that the appendix lacks copies of the order appealed from and the notice of appeal (107 Ill. 2d R. 342(a)). While English's conduct is no more excusable than Leavens' conduct, it does not behoove a party that charges its opponent with violating the rules of trial court procedure to violate the rules of appellate court procedure.

For the reasons stated, then, the circuit court's order sustaining English's section 2—1401 petition to vacate Leavens' default judgment is affirmed.

Affirmed.

MURRAY and GORDON, JJ., concur.